OPINION
{¶ 1} Defendant-appellant, Larry Flowers, appeals from judgments of the Franklin County Municipal Court dismissing his counterclaim and permitting plaintiff-appellee, Columbus Metropolitan Housing Authority ("CMHA"), to execute on its judgment of eviction obtained in 2000 against defendant. Because the trial court properly dismissed the counterclaim, we affirm the judgment in case No. 05AP-87; because the court's order in case No. 05AP-372 is not final and appealable, we dismiss the appeal.
 {¶ 2} In case No. 05AP-87, CMHA, on November 8, 2004, filed a complaint in forcible entry and detainer and for damages against defendant and all other occupants of 272 South Gift Street, Apartment 404. On December 2, 2004, defendant filed an answer to CMHA's complaint, as well as a counterclaim "TO THE COMPLAINTS IN FORCIBLE ENTRY AND DETAINER FILED IN CASE NO. 2004CVG046180 AND CASE NO. 1999CVG032949." In his prayer for relief, defendant sought "(1) To set aside the judgment in `EXHIBIT F' as being void in ab initio; (2) to overrule Plaintiff's `FIRST', `SECOND' and `THIRD' causes of action in the complaint; (3) To permit him to amend his CounterClaim pending in case no. 1999CVG032949 to fully comply with the applicable rules; and, (4) To join his claims and remedies of his CounterClaim in this action with his CounterClaim and remedies still pending under case no. 1999CVG032949; and, (5) That he be granted such relief as he may be entitled to at Law or in Equity." According to the certificate of service, defendant served a copy of his answer and counterclaim on counsel for CMHA the same day he filed it in municipal court.
 {¶ 3} On December 6, 2004, CMHA filed a Civ.R. 41(A)(1)(a) notice of dismissal, voluntarily dismissing without prejudice the complaint filed against defendant. Defendant responded on December 7, 2004 with (1) defendant's objections to CMHA's voluntary dismissal, and (2) defendant's motion for justice. Defendant objected to CMHA's voluntary dismissal because he filed a counterclaim with the court on December 2 "over which the court lacks jurisdiction but for the predicate initial claim lodged in the complaint." (Defendant's Objections, 1.) His motion for justice sought, "in the interest of justice and the liberal construction of the Ohio Rules of Civil Procedure, to (1) join all of the named persons mentioned in his CounterClaim as parties to same; (2) join all the parties to his CounterClaim with the State of Ohio and Governor Robert Taft, as Defendant Superior Commandant; and, (3) Disallow Plaintiff's Voluntar [sic] Dismissal filed on December 6, 2004." (Defendant's Motion for Justice, 1.)
 {¶ 4} On December 14, 2004, defendant filed a third-party complaint against the Governor, the Franklin County Municipal Court, and a magistrate of that court, as well as CMHA's executive director, director of public housing, two property managers, and counsel. He followed his third-party complaint with a motion to amend, seeking to join the Chief Justice of the Ohio Supreme Court as a defendant in the case and to substitute each mention of "the state of Ohio" with Bob Taft, Governor of Ohio and Thomas Moyer, Chief Justice of the Ohio Supreme Court.
 {¶ 5} By entry and order filed January 4, 2005, the trial court overruled defendant's objection to CMHA's voluntary dismissal. The court, in essence, reviewed defendant's counterclaim to determine whether it stated a claim on which relief could be granted. Finding no cognizable claim among the allegations of the counterclaim, the court dismissed it. Further noting that a counterclaim no longer was pending, the court similarly found no bar to CMHA's voluntarily dismissing its complaint. By entry and order filed January 11, 2005, the court overruled defendant's motion for justice, concluding that because the motion requested joinder of additional parties to a lawsuit that was dismissed, the motion was moot.
 {¶ 6} Defendant appeals, assigning the following errors:
FIRST ASSIGNMENT OF ERROR
JUDGE BARROWS ERRED IN OVERRULING DEFENDANT-APPELLANT'S OBJECTION TO PLAINTIFF-APPELLEE'S VOLUNTARY DISMISSAL OF THE ORIGINAL COMPLAINT AND IN DISMISSING DEFENDANT-APPELLANT'S COUNTERCLAIM.
SECOND ASSIGNMENT OF ERROR
JUDGE BARROWS ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR JUSTICE.
THIRD ASSIGNMENT OF ERROR
JUDGE BARROWS ER[R]ED IN DECLARING DEFENDANT-APPELLANT'S THIRD PARTY COMPLAINT A NULLITY AND DISMISSING HIS MOTION TO AMEND THE THIRD PARTY COMPLAINT.
 {¶ 7} In case No. 05AP-372, CMHA filed a complaint on October 6, 1999, against defendant in forcible entry and detainer and for damages. Defendant responded with an answer and counterclaim filed October 19, 1999.
 {¶ 8} Following a hearing on November 2, 1999, the magistrate rendered a decision in favor of CMHA on its claim for restitution of the premises. By judgment entry filed November 19, 1999, the trial court adopted the magistrate's decision and ordered restitution of the premises. Defendant filed objections to the magistrate's decision and requested findings of fact and conclusions of law.
 {¶ 9} On May 17, 2000, the magistrate issued a supplemental report, including findings of fact and conclusions of law. By judgment entry filed May 19, 2000, the court entered judgment for CMHA for restitution of the premises. Defendant responded on May 22, 2000 with objections to the supplemental report. In light of defendant's timely filed objections, the court stayed the judgment. By entry filed July 19, 2000, the court again ordered judgment for CMHA against defendant for restitution of the premises. Defendant filed a notice of appeal, and the trial court stayed its judgment pending appeal. On appeal, this court affirmed the judgment of the trial court. Columbus Metro.Housing Auth. v. Flowers (May 8, 2001), Franklin App. No. 00AP-833. Defendant filed a motion for reconsideration, and the motion was denied. Columbus Metro. Housing Auth. v. Flowers
(June 12, 2001), Franklin App. No. 00AP-833 (Memorandum Decision).
 {¶ 10} On February 4, 2005, CMHA filed a "MOTION FOR ORDER REQUIRING DEFENDANT LARRY FLOWERS TO SHOW CAUSE WHY THE COURT'S PRIOR JUDGEMENT [sic] FOR RESTITUTION OF PREMISES SHOULD NOT BE ENFORCED HEREIN." Defendant responded on April 7, 2005 with an affidavit seeking disqualification of the entire Franklin County Municipal Court. In addition, on April 11, 2005, defendant filed a motion pursuant to Civ.R. 7(B)(1) "TO DISMISS ACTION FOR SHOW CAUSE OR SET ASIDE JUDGMENT AS VOID PERSUANT [sic] TO PATTEN V. DIEMER, 518 N.E. 2D 941 (SYLLABUS THREE)."
 {¶ 11} Following a hearing at which CMHA was present but defendant failed to appear, the trial court, by entry filed April 12, 2005, lifted the stay and notified CMHA it could execute upon the "reissued" writ. Defendant appeals, assigning the following errors:
FIRST ASSIGNMENT OF ERROR
THE DECISION OF JUDGE GLADDEN AND THE ENTRIES MADE BY THE OHIO FRANKLIN COUNTY MUNICIPAL COURT LIFTING THE STAY OF EVICTION IN CASE NO. 1999CVG032949 AND REISSUING THE WRIT OF RESTITUTION GRANTED BY THE OHIO FRANKLIN COUNTY MUNICIPAL COURT AND ISSUED 06/02/00 EXCEEDS THE AUTHORITY OF JUDGE GLADDEN AND THE OHIO FRANKLIN COUNTY MUNICIPAL COURT AND IS CONTRAR [sic] TO MANDATORY AND BINDING FEDERAL LAW AND REGULATIONS.
SECOND ASSIGNMENT OF ERROR
THE COMBINED ACTS AND PROCEDURES PRACTICED AGAINST APPELLANT BY THE MEMBERS OF THE OHIO FRANKLIN COUNTY MUNICIPAL COURT IN CASE NOS. 1999CVG032949 AND 2004CVG046180 CONSTITYTES [sic] A POLICY OR CUSTOM WHICH OPERATES TO DEPRIVE APPELLANT OF THE ENTITLEMENTS, PRIVILEDGES [sic], IMMUNITIES AND PROTECTIONS PROVIDED TO HIM BY THE UNITED STATES CONGRESS AS A LOW-INCOME MINIMUM RENT TENANT RESIDING IN A FEDERALLY SUBSIDISED [sic] PROJECT UNDER THE PROVISIONS OF TITLE 24 PART 247 et.seq.
 A. CASE NO. 05AP-87 {¶ 12} In his first assignment of error, defendant contends the trial court erred in (1) overruling his objections to CMHA's voluntarily dismissing its complaint, and (2) dismissing defendant's counterclaim.
 {¶ 13} On December 6, 2004, CMHA filed a voluntary dismissal of its complaint pursuant to Civ.R. 41(A)(1)(a). Because defendant's counterclaim was filed on December 2, 2004, defendant contends CMHA could not voluntarily dismiss its complaint under Civ.R. 41(A)(1)(a); instead, defendant asserts, the trial court should have sustained his objection. In addressing defendant's contentions, we assume, without deciding, that defendant served the counterclaim on CMHA before CMHA voluntarily dismissed its complaint.
 {¶ 14} Pursuant to Civ.R. 41(A)(1), a "plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following: (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant; * * * unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice."
 {¶ 15} "[A]s long as the court has jurisdiction of the parties and of the controversy, the counterclaim may remain pending for independent adjudication by the court following a plaintiff's voluntary dismissal of the complaint." AbbyshireConst. Co. v. Ohio Civil Rights Comm. (1974),39 Ohio App.2d 125, 129; Holly v. Osleisek (1988), 40 Ohio App.3d 90. In those circumstances, the "court retains jurisdiction over the properly asserted counterclaim which the defendant may then pursue in that court." Id.; Crall-Shaffer v. Shaffer (1995),105 Ohio App.3d 369. Here, the trial court had jurisdiction of the parties and of the controversy. The record does not reflect any basis for concluding the trial court could not adjudicate defendant's counterclaim independently from the complaint. As a result, the trial court did not err in overruling defendant's objection to CMHA's voluntary dismissal of its complaint pursuant to Civ.R. 41(A)(1)(a).
 {¶ 16} The second issue raised in defendant's first assignment of error asserts the trial court erred in sua sponte dismissing his counterclaim. Generally, "[t]he court's authority to sua sponte dismiss an action is addressed in Civ.R. 41(B)(1)," which "notes the three circumstances where the court may, upon its own motion, dismiss an action or claim: `[w]here the plaintiff fails to prosecute, or comply with these rules or any court order * * *.'" Kerns v. Village of W. Mansfield (Dec. 15, 1989), Logan App. No. 8-87-20. Dismissal under Civ.R. 41(B)(1) requires notice of the court's intention to dismiss so that the party adversely affected has an opportunity to explain why dismissal is inappropriate. Tymachko v. Ohio Dept. of MentalHealth, Franklin App. No. 04AP-1285, 2005-Ohio-3454.
 {¶ 17} Similarly, "a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 161, citing State ex rel. Edwards v. Toledo City SchoolDist. Bd. of Edn. (1995), 72 Ohio St.3d 106. "However, sua sponte dismissal without notice is appropriate where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." Id.; State ex rel. Krepsv. Christiansen (2000), 88 Ohio St.3d 313, certiorari denied,531 U.S. 858; Paulding Co. Hosp. v. Robinson, Paulding App. No. 11-04-17, 2005-Ohio-1701. Resolution of the second issue raised in defendant's first assignment of error thus requires that we determine whether his complaint is frivolous or he obviously cannot prevail on the facts alleged.
 {¶ 18} "A dismissal of a complaint or counterclaim for failure to state a claim upon which relief can be granted is reviewed de novo, as it involves a purely legal issue. Bell v.Horton (1995), 107 Ohio App.3d 824, 826 * * *. In order to dismiss a complaint for failure to state a cognizable claim, it must appear beyond doubt that the party cannot prove a set of facts in support of the claim that would entitle that party to relief. York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 144 * * *. In determining whether a party has presented a claim for which relief may be granted, the court must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party."Paulding Co. Hosp., at ¶ 37.
 {¶ 19} The first claim of defendant's counterclaim states that "[d]efendant hereby incorporates by reference each and all of the allegations and exhibits set forth in and comprising the complaint and the First, Second, Third, Fourth, Fifth, and Sixth defenses to plaintiff's First, Second, and Third causes of action as if fully rewritten herein * * *." Whether or not those allegations set forth defenses to CMHA's complaint, they do not assert a claim upon which relief can be granted. As a result, defendant's first claim fails to state a claim for relief.
 {¶ 20} Similarly, his second claim asserts that defendant has a counterclaim pending against CMHA in the original eviction action filed in 1999 and has a claim against CMHA in the United States District, Southern District Court of Ohio, Eastern Division, pursuant to Section 1983, Title 42, U.S.Code. Again, neither of those statements sets forth a basis for granting relief to defendant, regardless of the merits of those pleadings in the other courts. Likewise, his fourth claim again refers to the federal district litigation and asserts he has filed a motion to join the Franklin County Municipal Court and one of its magistrates as parties. The allegations do nothing more than set forth the status of a motion pending in litigation separate from the present case, and they thus fail to state a claim upon which relief can be granted.
 {¶ 21} Defendant's third claim asserts CMHA has "in bad faith intentionally and deliberately and fraudulently conditioned the action of the complaint upon a scheme to further the plan and/or scheme perpetrated in case no. 1999CVG032949 * * *," the original complaint CMHA filed to secure defendant's eviction from the premises at issue. Defendant asserts CMHA and others are attempting to "masquerade" that judgment as a final and binding state court judgment made on the merits. Defendant apparently contends CMHA and others are doing so by "knowingly and fraudulently basing the complaint" on certain exhibits which CMHA knows to have been terminated under the final judgment entered in the original case. Defendant's fifth claim asserts plaintiff's action "constitutes a premeditated and deliberate scheme to evade the scope and effect of Exhibit B," a document dealing with minimum rent for public housing and Section 8 assistance, and "to mascarade [sic] the judgment" in the underlying eviction action as a binding and final state court judgment.
 {¶ 22} The trial court construed defendant's claims to "take the Plaintiff to task for filing this suit based on the lease, when the lease was purportedly terminated by the final judgment rendered in Case No. 1999 CVG 32949." (Entry and Order, 1.) As the trial court further parsed "Defendant's `claims,' he is asserting Plaintiffs are furthering some sort of `scheme' by pretending that the judgment rendered in Case No. 1999 CVG 32949 was `a final and binding state court judgment made on the merits,' implying that it was not final, or binding or rendered on the merits." Pointing out the inconsistency in defendant's contentions, the court noted that "[a]t the same time, and in the same `claims' Defendant suggests that Plaintiff's have some how been dishonest in suing on the lease, when the lease was terminated by operation of the very judgment Defendant suggests was not binding, final, or made on the merits."
 {¶ 23} The trial court ultimately concluded the 1999 case plaintiff initiated seeking restitution of the premises produced a final and binding judgment. Accordingly, the court determined "Defendant[']s `claim' reduces itself to this: although Plaintiff's may have a right to file an eviction action against him, they cannot do so under the provisions of the lease, which no longer exists as a contract between the parties. In short, the Plaintiff's [sic] have misplead their complaint."
 {¶ 24} The trial court correctly concluded that defendant's third and fifth claims are frivolous. Whether defendant's fifth and third claims are deemed to be a claim for mispleading or an assertion that CMHA's complaint lacks merit, they fail to state a claim upon which relief can be granted. Moreover, to the extent defendant attempted to assert a claim for malicious prosecution or abuse of process, he failed to include all the elements necessary to sufficiently plead such cause of action. See, e.g.,Ash v. Ash (1995), 72 Ohio St.3d 520, 522; Dale v. State Hwy.Patrol, Franklin App. No. 04AP-639, 2005-Ohio-3383; Raymond v.Shaker Produce, Inc., Cuyahoga App. No. 84885, 2005-Ohio-1670. Accordingly, the trial court correctly sua sponte dismissed defendant's counterclaim.
 {¶ 25} Defendant's second assignment of error contends the trial court erred in overruling his motion for justice, which requested that the trial court join named persons in his counterclaim and disallow CMHA's voluntary dismissal of its complaint. His third assignment of error asserts the trial court erred in denying him the opportunity to amend his third-party complaint. As noted, CMHA properly dismissed its complaint pursuant to Civ.R. 41(A)(1)(a). Moreover, because the trial court properly dismissed sua sponte defendant's counterclaim, no counterclaim remained pending to whom all of the named persons could be joined. Similarly, the trial court properly found defendant's third-party complaint to be a nullity. A third-party complaint emanates from, and seeks to recover for, liability accruing to a defendant from a plaintiff's complaint. Because plaintiff dismissed its complaint against defendant, defendant had no premise from which to assert third-party liability.Renacci v. Martell (1993), 91 Ohio App.3d 217. The trial court did not err in overruling defendant's motion for justice or denying defendant's motion to amend his third-party complaint. Defendant's second and third assignments of error are overruled.
 {¶ 26} Having overruled defendant's three assignments of error in case No. 05AP-87, we affirm the judgment of the trial court.
 B. Case No. 05AP-372 {¶ 27} Defendant's first assignment of error asserts the trial court erred in lifting the stay, reissuing the writ, and exceeding mandatory and binding federal law and regulations. His second assignment of error asserts that the trial court deprived him of various privileges, immunities and protections provided under low income housing legislation.
 {¶ 28} The issue in this case is complicated by the procedural path taken in the trial court. The file reveals CMHA received judgment in this case, including restitution of the premises. CMHA requested issuance of a writ, which issued on June 2, 2000. The case then was stayed pending appeal. On appeal, this court affirmed. According to the transcript of the hearing before the trial court, defendant appealed to the Ohio Supreme Court, where he failed to convince the court to hear his case. Defendant took the litigation to the Federal District Court, where he did not prevail; he appealed to the Sixth Circuit, where he again was unsuccessful; and he unsuccessfully attempted to take his case to the United States Supreme Court.
 {¶ 29} Without question, the trial court entered a final judgment in this case in 2000. The only subsequent action in the case was the trial court's decision to stay its judgment pending defendant's appeal. The trial court needed only to lift the stay and thereby allow CMHA to execute the writ of restitution granted pursuant to the 2000 judgment. To the extent the trial court attempted to reissue the writ, the record arguably presents no basis for the trial court to exercise such jurisdiction following the final judgment entered much earlier in the case and the writ that followed the judgment. In reality, the trial court did nothing but lift the stay issued pending appeal.
 {¶ 30} Even if we were to construe the trial court's action as reissuing the original writ, the issuance of a writ of restitution is not a final, appealable order; rather, in the circumstances of this case, the underlying judgment supporting the writ is the judgment subject to appeal. Martin v. Reitz
(Feb. 12, 1996), Erie App. No. E-96-012 (concluding a writ of restitution is not a final, appealable order, but the judgment underlying the writ is such an order). Similarly, the trial court's decision to lift the stay is not a final, appealable order; the decision simply allows the underlying judgment to become effective. As with the writ of restitution, the underlying judgment is the final, appealable order. As a result, we lack a final judgment in this case that either has not been appealed and affirmed, as was the underlying judgment, or is subject to appeal at this time
 {¶ 31} We note, however, that on the day prior to the trial court's entry lifting the stay, defendant filed a motion "TO DISMISS ACTION FOR SHOW CAUSE OR SET ASIDE JUDGMENT VOID AB INITIO." Because the trial court has not ruled on that motion, it remains in the trial court for disposition. At the present, however, the file fails to present a final appealable order, and accordingly the appeal is dismissed.
 {¶ 32} Having overruled defendant's three assignments of error in case No. 05AP-87, we affirm the judgment of the trial court. Further, we dismiss the appeal in case No. 05AP-372 for lack of a final, appealable order.
Judgment affirmed in case No. 05AP-87; appeal dismissed incase No. 05AP-372.
Petree and Travis, JJ., concur.