DECISION. *Page 2 
{¶ 1} Defendant-appellant, Anderson Township, Ohio, appeals from the trial court's order granting in part and denying in part its motion for judgment on the pleadings. Plaintiff-appellee George Sullivan had filed a complaint against the township and defendant Trend Construction, Inc.,[1] alleging damage to his property located on Eight Mile Road resulting from their "road widening" project. The township had argued that, as a political subdivision, it was immune under R.C. Chapter 2744 from Sullivan's claims. Even though the trial court's ruling was an "order that denie[d] a political subdivision * * * the benefit of an alleged immunity from liability,"[2] the order was not a final, appealable order because it did not fully dispose of all the claims of all the parties, and because it lacked a certification pursuant to Civ.R. 54(B). We therefore dismiss the township's appeal.
 {¶ 2} In his amended complaint, Sullivan asserted the following causes of action against the township: (1) breach of contract for failing "to honor its promises made to [Sullivan] in exchange for his permission" to enter upon his property; (2) trespass on Sullivan's property to conduct unauthorized work; (3) negligence under the doctrine of respondeat superior for the negligent acts of "its sub-contractor" Trend; and (4) negligence for improperly supervising "its sub-contractor" Trend. Sullivan sought compensatory and punitive damages.
 {¶ 3} Against Trend, Sullivan asserted these claims: (1) breach of contract for failing "to honor its promises made to [Sullivan] in exchange for his permission" to enter *Page 3 
upon his property; (2) trespass on Sullivan's property to conduct unauthorized work; and (3) negligence in conducting the work.
 {¶ 4} The township raised its immunity defense in its answer. On November 29, 2006, the township moved for judgment on the pleadings pursuant to Civ.R. 12(C), asserting that Sullivan could prove no set of facts to support his claims for relief.[3] The township maintained that it was immune under R.C. Chapter 2744 from Sullivan's promissory-estoppel, trespass, vicarious-liability, negligent-supervision, and punitive-damages claims. The township also asserted that Sullivan had failed to plead an express contract.
 {¶ 5} Although an active participant in several pretrial motions, Trend did not claim immunity in its answer, move for judgment on the pleadings, or file a memorandum in support of the township's motion. Nor did Sullivan file a response to the township's motion.
 {¶ 6} On March 21, 2007, the trial court granted the township's motion in part and denied it in part. The trial court applied RC. Chapter 2744 and found that the township was immune from Sullivan's trespass claim and from his request for punitive damages. But it concluded that the statute did not confer immunity from Sullivan's claim for breach of the oral contract, vicarious negligence, or negligent supervision of Trend. The record does not reflect that the township, or any other party, sought "an express determination" from the trial court that there was "no just reason for delay" of an immediate appeal of the order.[4] And the order did not contain the Civ.R. 54(B) certification. *Page 4 
 {¶ 7} Because an appellate court has jurisdiction to review only the final and appealable orders or judgments of the lower courts within its appellate district, it must determine its own jurisdiction to proceed before reaching the merits of any appeal.[5] If the order being challenged is not final and appealable, then the court must dismiss the appeal.[6] Because a challenge to jurisdiction is never waived, this court may evaluate its jurisdiction to proceed at any time, even on the consideration of a direct appeal.[7]
 {¶ 8} Here, there is no doubt that the order being appealed is a final order. The plain text of R.C. 2744.02(C) provides that an "order that denies a political subdivision * * * the benefit of an alleged immunity from liability * * * is a final order." The trial court's order denied the township the benefit of immunity from some of Sullivan's claims.
 {¶ 9} In its recent decision in Hubbell v. Xenia, the Ohio Supreme Court restated that "[t]he manifest statutory purpose of R.C. Chapter 2744 is the preservation of the fiscal integrity of political subdivisions."[8] To achieve this purpose, the court stated that determining "whether a political subdivision is immune from liability is usually pivotal to the outcome of a lawsuit," and it forcefully urged "[e]arly resolution of the issue of * * * liability."[9]
 {¶ 10} Following the clear legislative and judicial intent to resolve governmental-immunity issues at the earliest opportunity, theHubbell court admonished the court of appeals "not to avoid deciding difficult questions of immunity by pointing to the trial court's use of the language `genuine issue of *Page 5 
material fact.'"[10] It held that "[w]hen a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)."[11] The court therefore reversed the lower court's dismissal of the political subdivision's appeal challenging the denial of its summary-judgment motion.[12]
 {¶ 11} But here the case involves multiple claims and multiple parties. Civ.R 54(B) authorizes a trial court to "enter final judgment as to one or more but fewer than all of the * * * parties[, but] only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, * * *." The question is whether, in the absence of a Civ.R. 54(B) certification, the trial court's order denying immunity in this case may be regarded as both final and appealable.
 {¶ 12} In Carlson v. Woolpert Consultants, a pre-Hubbell case, the Second Appellate District granted a motion to dismiss appeals from an order denying summary judgment based on immunity claims of township and county employees.[13] The appellate court acknowledged its precedent, recently ratified in Hubbell v. Xenia, that "a denial of summary judgment in immunity situations is a final order under * * * R.C. 2744.02(C)."[14] But because the action was against multiple parties and the order denying summary judgment applied to only a few of the parties, unresolved claims remained in the *Page 6 
trial court against additional parties. The court held that the order was not immediately appealable without a Civ.R. 54(B) certification by the trial court.[15] The Eighth Appellate District also concluded, albeit before Hubbell, that even if an order denying immunity was final, it was not immediately appealable where the order did not resolve all claims among all parties or contain an express certification of "no just reason for delay" of an appeal under Civ.R. 54(B).[16]
 {¶ 13} In Hubbell, however, a sole plaintiff had brought a simple negligence action against a single political subdivision.[17] The city of Xenia was the only defendant that had a claim pending against it at the time of its appeal, and there was no need for the court to consider the application of Civ.R. 54(B).[18] Thus, we conclude thatHubbell v. Xenia is distinguishable from this case.[19]
 {¶ 14} Therefore, we follow the reasoning of the Carlson andMalloy courts. We hold that even when the challenged governmental-immunity order is clearly final, this court has no jurisdiction to entertain an appeal from a judgment as to fewer than all the claims or all the parties in a multi-claim, multi-party case in the absence of the trial court's determination, pursuant to Civ.R. 54(B), "that there is no just reason for delay."[20] In so *Page 7 
holding, we adhere to the rule that "Civ.R. 54(B) must be followed when a case involves multiple claims and/or multiple parties,"[21] and we advance the underlying policy of avoiding piecemeal litigation.[22]
 {¶ 15} Absent the certification required by Civ.R. 54(B), an order that denies a political subdivision's immunity defense but that leaves pending for disposition other claims against multiple parties is not immediately appealable. Here, the trial court's order denied in part the township's governmental-immunity claim under R.C. 2744.02. But the order, while final pursuant to R.C. 2744.02(C), was not immediately appealable.
 {¶ 16} Therefore, we dismiss the appeal. And the case is returned to the jurisdiction of the trial court for further proceedings, including, if the trial court sees fit, a certification under Civ.R. 54(B) that there is no just reason to delay an appeal by the township.
Appeal dismissed.
SUNDERMANN, P. J., CUNNINGHAM and DINKELACKER, JJ.
[1] While the complaint and the trial court's order refer to "Trend Construction, Inc.," counsel for Trend maintains that The Ford Development Corporation, d.b.a. Trend Construction, is the proper party to this action. Trend has not filed an appellee's brief in this appeal.
[2] R.C. 2744.02(C).
[3] See State ex rel. Midwest Pride IV, Inc. v. Pontious,75 Ohio St.3d 565, 1996-Ohio-459, 664 N.E.2d 931.
[4] See Civ.R. 54(B).
[5] See Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A); State ex rel. White v. Cuyahoga Metro. Hous.Auth., 79 Ohio St.3d 543, 544, 1997-Ohio-366, 684 N.E.2d 72.
[6] See Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839,873 N.E.2d 878, at ¶ 9, citing Gen. Acc. Ins. Co. v. Ins. Co. of NorthAmerica (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.
[7] See Internatl. Lottery v. Kerouac (1995), 102 Ohio App.3d 660,670, 657 N.E.2d 820; see, also, Civ.R. 12(H)(3).
[8] Hubbell v. Xenia, 2007-Ohio-4839, at ¶ 23, quoting Wilson v. StarkCty. Dept. of Human Serv., 70 Ohio St.3d 450, 453, 1994-Ohio-394,639 N.E.2d 105.
[9] Id. at ¶ 25, quoting Burger v. Cleveland Hts., 87 Ohio St.3d 188,199-200, 1999-Ohio-319, 718 N.E.2d 912 (Lundberg Stratton, J., dissenting).
[10] Id. at ¶ 20.
[11] Id., syllabus.
[12] See id. at ¶ 3 and ¶ 27.
[13] (Nov. 25, 1998), 2nd Dist. Nos. 17292 and 17303.
[14] Id.
[15] See id. Cf. Kagy v. Toledo-Lucas County Port Authority (1998),126 Ohio App.3d 675, 711 N.E.2d 256 (holding that because the political subdivision was the only defendant remaining at the time of appeal, the court had no reason to consider the application of Civ.R. 54[B]); see, also, Rucker v. Newburgh Heights, 8th Dist. No. 89487, 2008-Ohio-910
(post-Hubbell case permitting an interlocutory appeal from the denial of a motion for judgment on the pleadings where the only remaining defendant was a political subdivision).
[16] See Malloy v. Brennan (Mar. 25, 1999), 8th Dist. No. 75183; see, also, Drum v. Washlock (Aug. 24, 2000), 8th Dist. Nos. 74816 and 74817.
[17] See 2007-Ohio-4839, at ¶ 3.
[18] See, e.g., Greene Cty. Agricultural Soc. v. Liming,89 Ohio St.3d 551, 2000-Ohio-486, 733 N.E.2d 1141, fn. 2 (noting that a trial court's entry of summary judgment based on immunity under R.C. Chapter 2744 was final and appealable and included Civ.R. 54[B] certification).
[19] See S.Ct.R.Rep.Op. 1(B)(1) ("The law stated in a Supreme Court opinion is contained within its syllabus (if one is provided), and its text, including footnotes.").
[20] See Internatl. Managed Care Strategies, Inc. v. Franciscan HealthPartnership, Inc., 1st Dist. No. C-01634, 2002-Ohio-4801, at ¶ 8; see, also, Wisintainer v. Elcen Power Strut Co., 67 Ohio St.3d 352, 354,1993-Ohio-120, 617 N.E.2d 1136; Whitacker-Merrel v. Guepel Constr.Co. (1972), 29 Ohio St.2d 184, 280 N.E.2d 922, syllabus; Phillips v.Conrad, 1st Dist. No. C-020302, 2002-Ohio-7080, at ¶ 14.
[21] State ex rel. A D Ltd. Partnership v. Keefe, 77 Ohio St.3d 50,56, 1996-Ohio-956, 71 N.E.2d 13, citing State ex rel. Wright v. OhioAdult Parole Auth. (1996), 75 Ohio St.3d 82, 85, 661 N.E.2d 728.
[22] See Noble v. Colwell (1989), 44 Ohio St.3d 92, 96,540 N.E.2d 1381. *Page 1