SWINT, Appellee,

v.

AULD et al., Appellants.

[Cite as *Swint v. Auld,* 178 Ohio App.3d 531, 2008-Ohio-5381.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080067.

Decided Oct. 17, 2008.

Shawn M. Stepleton and Frank E. Osborne, for appellee.

Rendigs, Fry, Kiely & Dennis, L.L.P., and Wilson G. Weisenfelder Jr., for appellants.

HENDON, Judge.

{¶ 1} Jordan Swint filed an action alleging that he had been attacked by a dog owned by defendant, Antennie Auld and/or John Doe. Swint also sued the village of Golf Manor, claiming that it was vicariously liable for Golf Manor Police Officer Matt Haverkamp's actions at the scene of the attack, which had allegedly resulted in Swint sustaining further injuries from the dog.

{¶ 2} Golf Manor moved to dismiss Swint's complaint under Civ.R. 12(B)(6), claiming governmental immunity. The trial court denied the motion, but it did not include a Civ.R. 54(B) certification in its decision. Golf Manor now appeals the trial court's denial of governmental immunity under R.C. 2744.02(C). Because we lack jurisdiction, we dismiss this appeal.

## A Final Order is Not Necessarily an Appealable Order

{¶ 3} R.C. 2744.02(C) provides that an "order that denies a political subdivision * * * the benefit of an alleged immunity from liability * * * is a final order." But a final order is not always tantamount to an *appealable* order, and in this respect we find our decision in *Sullivan v. Anderson Twp.*[1] to be controlling.

---

1.  1st Dist. No. C–070253, 2008-Ohio-1438, 2008 WL 821766.

{¶ 4} In *Sullivan,* the plaintiff sued multiple parties, including Anderson Township, alleging multiple causes of action in his complaint. Anderson Township moved to dismiss the case against it on the basis of governmental immunity. The trial court denied governmental immunity as to some—but not all—of Sullivan's claims. It did not include a Civ.R. 54(B) certification in its order. On appeal, we held that "even when the challenged governmental-immunity order is clearly final [under R.C. 2744.02(C) ], this court has no jurisdiction to entertain an appeal from a judgment as to fewer than all the claims or all the parties in a multi-claim, multi-party case in the absence of the trial court's determination, pursuant to Civ.R. 54(B), 'that there is no just reason for delay.' "[2] We reasoned that Civ.R. 54(B) must be followed when a case involves multiple claims and/or multiple parties to avoid piecemeal litigation.[3] The same concerns apply here.

## The Pending Case was not Dismissed

{¶ 5} Golf Manor contends that this case is distinguishable from *Sullivan* because, after Golf Manor had filed its notice of appeal, the trial court sua sponte dismissed this case in an entry entitled "Order Staying Proceedings (Appeal)."

{¶ 6} This entry provided that the case had been dismissed "other than on the merits and without prejudice" on the grounds that an appeal would "indefinitely stay further proceedings." The entry also stated that the case could "be reactivated upon either party's motion for good cause shown or upon order of the Appellate Court, and reactivation will be retroactive to the original filing date and without additional filing costs." Based on this language, Golf Manor asserts that there were no other claims or parties below, and therefore that *Sullivan* and Civ.R. 54(B) did not apply.

{¶ 7} The trial court's order, however, was not a proper dismissal. While the Supreme Court has recognized that a trial court may dismiss a case sua sponte,[4] the reasons for such a dismissal must be recognized by the rules of civil procedure.[5] And in some instances, the trial court must adhere to procedural safeguards before dismissing a case on its own volition.[6] Here, the reason for the trial court's "dismissal" was not a legitimate one. There is no civil rule allowing a

---

**2.** Id. at ¶ 14.

**3.** Id.

**4.** See *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799.

**5.** See *Columbus Metro. Hous. Auth. v. Flowers,* 10th Dist. Nos. 05AP–87 and 05AP–372, 2005-Ohio-6615, 2005 WL 3415838.

**6.** See *State ex rel Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288.

trial court to dismiss a case "because an appeal will indefinitely stay further proceedings." Nor is there a rule that allows a trial court to dismiss a case subject to reactivation "retroactive to the original filing date and without additional filing costs."

{¶ 8} The trial court's entry was, at best, an order staying the proceedings, as it was entitled. At worst, it was a legal nullity. In any event, it was not a proper dismissal and *Sullivan* controls.

{¶ 9} We therefore dismiss this appeal for lack of jurisdiction. This case is returned to the trial court for further proceedings.

Appeal dismissed.

CUNNINGHAM, J., concurs.

PAINTER, P.J., concurs in judgment only.

PAINTER, P.J., concurring in judgment only.

Because I seriously question the reasoning in *Sullivan v. Anderson Twp.*,[7] but recognize that it is the controlling precedent in this district—and is on appeal to the Ohio Supreme Court—I concur in judgment only.[8]

---

7. 1st Dist. No. C–070253, 2008-Ohio-1438, 2008 WL 821766.

8. See Scialdone, Do Interlocutory Appeals of Orders that Deny Immunity Under R.C. 2744.02(C) Require Civ.R. 54(B) Certification in Multi–Party/Claim Cases? (2008), 1 Quarterly Review: Ohio Association of Civil Trial Attorneys 3, 21.