SULLIVAN, APPELLEE, *v*. ANDERSON TOWNSHIP, APPELLANT, ET AL.

[Cite as *Sullivan v. Anderson Twp.,* **122 Ohio St.3d 83, 2009-Ohio-1971.**]

*R.C. 2744.02(C) permits a political subdivision to appeal a trial court order that denies it the benefit of an alleged immunity from liability under R.C. Chapter 2744, even when the order makes no determination pursuant to Civ.R. 54(B).*

(Nos. 2008-0691 and 2008-0817 — Submitted January 21, 2009 — Decided May 5, 2009.)

APPEAL from and CERTIFIED by the Court of Appeals for Hamilton County, No. C-070253, 2008-Ohio-1438.

——————————

SYLLABUS OF THE COURT

R.C. 2744.02(C) permits a political subdivision to appeal a trial court order that denies it the benefit of an alleged immunity from liability under R.C. Chapter 2744, even when the order makes no determination pursuant to Civ.R. 54(B).

——————————

**MOYER, C.J.**

**I**

**{¶ 1}** The First District Court of Appeals certified the following issue pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25: "Is an order that denies a political subdivision the benefit of an alleged immunity from liability as provided in R.C. Chapter 2744 or any other provision of the law a final and appealable order when the order lacks a Civ.R. 54(B) certification?"

**II**

{¶ 2} George Sullivan, appellee, sued two parties: Anderson Township, appellant, and Ford Development Corp. d.b.a. Trend Construction, an alleged subcontractor of Anderson Township. Sullivan averred that a road-widening project undertaken by the township and Trend Construction damaged his property. Sullivan's claims against the township included breach of contract, negligence, and trespass.

{¶ 3} The township answered by denying the substantive allegations of the complaint and asserting political-subdivision immunity under R.C. Chapter 2744 and other defenses. The township moved for judgment on the pleadings on the basis that even if the allegations in Sullivan's complaint were true, they would not give rise to liability of the township, in part because of the immunity provided in R.C. Chapter 2744 for political subdivisions.

{¶ 4} The trial court granted the township's motion in part and denied it in part. The trial court concluded that judgment on the pleadings was not wholly appropriate, because Sullivan had averred facts sufficient to sustain potential claims for breach of contract and negligence. But the trial court dismissed Sullivan's claim for trespass and his request for punitive damages.

{¶ 5} The township appealed the order to the First District Court of Appeals, asserting that the trial court should have granted judgment on the pleadings on the basis of political-subdivision immunity. The court of appeals held that it lacked jurisdiction to hear the appeal, because a trial court order in a multiparty, multiclaim case that disposes of fewer than all the claims against all the parties and that does not make the express determination required by Civ.R. 54(B) that there is no just reason for delay is not a final, appealable order.

{¶ 6} The court of appeals acknowledged our holding in *Hubbell v. Xenia* that "when a political subdivision or its employee seeks immunity, an order that denies the benefit of an alleged immunity is a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873

N.E.2d 878, ¶2. It distinguished this case from *Hubbell* by noting that this case has multiple defendants, which is when Civ.R. 54(B) applies, and *Hubbell* did not.

**{¶ 7}** The court of appeals certified that its holding in this case conflicted with the decision of the Fourth District Court of Appeals in *Drew v. Laferty* (June 1, 1999), Vinton App. No. 98CA522, 1999 WL 366532. We recognized the conflict, accepted the township's appeal, and consolidated the cases. *Sullivan v. Anderson Twp.*, 118 Ohio St.3d 1460, 2008-Ohio-2823, 888 N.E.2d 1112.

### III

**{¶ 8}** The certified issue requires us to answer an often asked question— Is this order a final, appealable order? Ordinarily, Civ.R. 54(B) requires that a trial court order that disposes of fewer than all claims against all parties in a multiparty and/or multiclaim lawsuit include a determination that "there is no just reason for delay" for the order to be deemed a final, appealable order.

**{¶ 9}** R.C. 2744.02(C) provides: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." The tension between Civ.R. 54(B) and the statute is demonstrated in this case. Here, the trial court's order denied the township the benefit of an alleged immunity in a multiparty, multiclaim lawsuit, but that order did not include the language required by Civ.R. 54(B), that "there is no just reason for delay." Thus, the issue in this case is whether an order that denies the benefit of an alleged immunity to a political subdivision is a final, appealable order under R.C. 2744.02(C) in a multiclaim, multiparty lawsuit, when it lacks the Civ.R. 54(B) certification that "there is no just reason for delay." We hold that such an order is a final, appealable order.

**{¶ 10}** In this case, we need not apply the general rules for determining whether an order is final and appealable. The general rules regarding final,

appealable orders in multiparty and/or multiclaim cases involve the tandem of R.C. 2505.02(B) for substance and Civ.R. 54(B) for procedure. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 97, 540 N.E.2d 1381. Under the general rules, a court first applies R.C. 2505.02(B) to determine whether the order "affects a substantial right and whether it in effect determines an action and prevents a judgment." *Wisintainer v. Elcen Power Strut Co*. (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. If the court of appeals determines that the trial court order is final under R.C. 2505.02, the next step is to determine whether the trial court certified the order with the language of Civ.R. 54(B)—"there is no just reason for delay." *Wisintainer*, 67 Ohio St.3d at 354-355; *Noble*, 44 Ohio St.3d at 97. The use of Civ.R. 54(B) certification by a trial court is discretionary. Id*.* at 96-97, 540 N.E.2d 1381, and fn. 7.

{¶ 11} In the ordinary case, Civ.R. 54(B) certification demonstrates that the trial court has determined that an order, albeit interlocutory, should be immediately appealable, in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals. *Wisintainer*, 67 Ohio St.3d at 356-357, 617 N.E.2d 1136; *Noble,* 44 Ohio St.3d at 96, 540 N.E.2d 1381.

{¶ 12} Here, however, no such determination by the trial court is necessary; the General Assembly has expressly made that determination with the enactment of R.C. 2744.02(C), which makes final an order denying a political subdivision the benefit of an alleged immunity from liability. *Hubbell*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 27. Therefore, there is no reason for a trial court to certify under Civ.R. 54(B) that "there is no just cause for delay." When the denial of political-subdivision immunity is concerned, the trial court has no discretion to determine whether to separate claims or parties and permit an interlocutory appeal.

**{¶ 13}** For the foregoing reasons, we hold that R.C. 2744.02(C) permits a political subdivision to appeal a trial court order that denies it the benefit of an alleged immunity from liability under R.C. Chapter 2744, even when the order makes no determination pursuant to Civ.R. 54(B).

## IV

**{¶ 14}** We answer the certified question in the affirmative and reverse the judgment of the court of appeals. The court of appeals decided this case on jurisdictional grounds and declined to address the merits of the township's assignment of error. Therefore, this cause is remanded to the court of appeals for consideration of the merits of the assignment of error.

Judgment reversed

and cause remanded.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

PFEIFER and LANZINGER, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

**{¶ 15}** I join Justice Lanzinger's dissent: Civ.R. 54(B) controls this case. The majority today deals another blow to judicial economy by reading into R.C. 2744.02(C) a nonexistent provision regarding multiple-party litigation. Further, the majority's reliance on this court's decision in *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, is misplaced.

**{¶ 16}** R.C. 2744.02(C) makes summary judgment orders denying political-subdivision immunity final orders, not *appealable* orders. In *Hubbell*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 2, this court held that "when a political subdivision or its employee seeks immunity, an order that denies the benefit of an alleged immunity is a final, appealable order pursuant to R.C. 2744.02(C)." But in *Xenia*, this court was not dealing with Civ.R. 54(B)'s

limits on the appealability of final orders. *Xenia* was not a multiple-defendant case.

{¶ 17} Neither *Xenia* nor R.C. 2744.02(C) addresses the special circumstance of multiple-party litigation. Civ.R. 54(B) should continue to control multiple-party litigation, allowing trial judges to determine how to best achieve judicial economy.

_____

**LANZINGER, J., dissenting.**

{¶ 18} In holding that Civ.R. 54(B) has no application to an order denying immunity to a political subdivision or its employee when multiple claims or multiple parties are involved, the majority does not even quote the language of the procedural rule. Civ.R. 54(B) states: "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, *the court may enter final judgment* as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay*. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.) Use of the words "no just cause for delay" signals the transformation of a final order into a final *appealable* order. *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. *Wisintainer*'s explanation of the rule is helpful:

{¶ 19} "As this court has held in the past, the phrase 'no just reason for delay' is not a mystical incantation which transforms a nonfinal order into a final

appealable order. *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order.

{¶ 20} "In deciding that there is no just reason for delay, the trial judge makes what is essentially a *factual* determination—whether an interlocutory appeal is consistent with the interests of sound judicial administration, *i.e.*, whether it leads to judicial economy. Trial judges are granted the discretion to make such a determination because they stand in an unmatched position to determine whether an appeal of a final order dealing with fewer than all of the parties in a multiparty case is most efficiently heard prior to trial on the merits. The trial court can best determine how the court's and the parties' resources may most effectively be utilized. The trial court is most capable of ascertaining whether not granting a final order might result in the case being tried twice. The trial court has seen the development of the case, is familiar with much of the evidence, is most familiar with the trial court calendar, and can best determine any likely detrimental effect of piecemeal litigation. More important than the avoidance of piecemeal appeals is the avoidance of piecemeal trials. It conserves expense for the parties and clarifies liability issues for jurors when cases are tried without 'empty chairs.' " (Emphasis sic.) Id. at 354-355, 617 N.E.2d 1136.

{¶ 21} In *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, at ¶ 13, we recently explained, " 'It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.' *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* [1989], 44 Ohio St.3d [17,] 20, 540 N.E.2d 266. 'An appellate court, when determining whether a judgment is final, must engage in a two-step analysis. First, it must determine if the order is final within the requirements of *R.C. 2505.02*. If the court finds that the order complies with *R.C. 2505.02* and is

in fact final, *then the court must take a second step to decide if Civ.R. 54(B) language is required.' Id. at 21.*" (Emphasis added.) The General Assembly has clarified that the denial of the benefit of immunity is a final order. R.C. 2744.02(C) provides: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." But it is still in the hands of the trial judge to determine whether the Civ.R. 54(B) language should be added to allow the losing party an immediate appeal.

**{¶ 22}** I disagree with the majority's statement that in this case, there is tension between a procedural rule and a statute. R.C. 2744.02(C) tells us that we have a final order. But it does not say "final *appealable* order." The appealability of the order is a procedural determination to be made by the trial judge and is governed by the rules promulgated by this court. See *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101; *Internatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.,* 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 8 ("A court may not bypass the requirement to include the express language of Civ.R. 54(B) simply by designating the order as final").

**{¶ 23}** There is no reason to exempt orders under R.C. 2744.02(C) from application of the civil procedural rule. Civ.R. 54(A) explains that the word "judgment" as used in the rule "includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code." (For example, a final order like that described in R.C. 2744.02(C) is a judgment.) Civ.R. 54(B) states that "the court may enter *final judgment* * * * only upon an express determination that there is no just reason for delay." (Emphasis added.) Therefore, a trial court must certify a final, interlocutory order when there are multiple claims or multiple parties to make it appealable.

**{¶ 24}** I would hold that just as in any other case involving multiple claims or multiple parties, the trial court must certify under Civ.R. 54(B) that "there is no just cause for delay" before the order denying a political subdivision immunity may be considered a final appealable order. I respectfully dissent and would affirm the judgment of the court of appeals.

PFEIFER, J., concurs in the foregoing opinion.

_____

McIntosh & McIntosh, P.L.L.C., and A. Brian McIntosh, for appellee.

Surdyk, Dowd & Turner Co., L.P.A., Edward J. Dowd, and Kevin A. Lantz, for appellant.

Mazanec, Raskin, Ryder & Keller Co., L.P.A., John T. McLandrich, and Frank H. Scialdone, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, Rebecca K. Schaltenbrand, and Stephen J. Smith; and John Gotherman, urging reversal for amicus curiae, Ohio Municipal League.

_____