JUDGMENT: AFFIRMED
{¶ 1} Defendant-appellant, the City of Cleveland, appeals from a common pleas court order overruling its motion for summary judgment on its immunity defense. This order is final and appealable under R.C.2744.02(C). We find no error in the trial court's determination that genuine issues of material fact precluded an immediate judgment for the City as a matter of law. Therefore, we affirm.
 Procedural History {¶ 2} The complaint in this case was filed January 4, 2005. It alleged that, on May 12, 2004, plaintiff-appellee Paulette Tomlin was operating a vehicle in which her grandson, plaintiff-appellee Lorenzo Little, was a passenger when their vehicle was struck by a vehicle driven by defendant Richard Pleban. The complaint alleged that Pleban negligently operated his vehicle, and that the City negligently maintained the traffic control signal at the intersection at which the collision occurred. The claim against Pleban was ultimately dismissed by stipulation in December 2005, leaving only the claim pending against the City.
 {¶ 3} The City moved for summary judgment on November 2, 2005. Attached to its motion were excerpts from the depositions of Tomlin and Pleban and affidavits from Charles Vokaty, the Chief of Traffic Signals in the Traffic Engineering Division of the City's Department of Public Service, and Gary Kopper, the Chief Superintendent of Transmission and Distribution for the Cleveland Public Power Division of the City's Department of Public Utilities.
 {¶ 4} The evidence submitted by the City showed that Tomlin was operating her vehicle on East 66th Street. She stopped at a red light at the intersection of East 66th Street and Woodland. The light turned green and she began to turn left onto Woodland when a truck traveling westbound on Woodland struck her vehicle. Pleban testified that the traffic light changed suddenly from green to red, with no amber caution light (or pause) in between, and although he tried to stop he was unable to do so.
 {¶ 5} Mr. Vokaty reported that the Traffic Engineer's office had no records of any complaints about a malfunctioning signal light at East 66th Street and Woodland. However, Mr. Kopper averred that traffic signal repairs were performed by Cleveland Public Power from December 2003 through September 2004, and that on April 12, 2004, the green and amber light bulbs were replaced east and westbound at the intersection of East 66th Street and Woodland, and the control contacts were adjusted.
 {¶ 6} In response to the City's motion, plaintiffs presented the deposition testimony of Messrs. Vokaty and Kopper, as well as copies of traffic signal trouble reports relating to the signals at this intersection from January 26 through May 12, 2004. In addition to the report on the day of this collision, there were seven other reports of traffic signal trouble at this intersection in the 3½ months before this collision. On January 26, 2004, the red light bulb westbound was changed. On March 5, 2004, the lineman "changed relays and adjusted motor switch." Mr. Vokaty testified that the relays are "contacts that open and close" and are "part of the control that operates the light."
 {¶ 7} Trouble reports dated March 7 and 9 were deemed "OK on arrival." No repairs were performed on those dates. A trouble report on March 18 indicated "light out, green on at same time E/W made adjustment to cam referred to tech." Mr. Vokaty was unable to explain what this meant.
 {¶ 8} On March 20, however, the lineman indicated "light stuck changed controll [sic] relays adjusted index micro switch." On April 12, the lineman "replaced N.bound green and W.bound amber and repaired contacts." After this collision on May 12, 2004, the east and westbound amber and green bulbs were replaced and the control contacts were adjusted.
 {¶ 9} The court denied the City's motion for summary judgment in an entry filed January 19, 2006 which stated, "plaintiff raises a genuine issue of material fact as to whether or not the city had notice of the malfunctioning light." This appeal followed.
 Law and Analysis {¶ 10} We review the trial court's decision on summary judgment de novo, applying the same standard the trial court used. Grafton v. OhioEdison Co., 77 Ohio St.3d 102, 1996-Ohio-336. A movant is entitled to summary judgment where the evidence demonstrates that there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and viewing the evidence in the light most favorable to the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369,1998-Ohio-389.
 {¶ 11} Political subdivisions, including municipalities, are generally immune from liability for any injury or loss to a person caused by an act or omission of the municipality in connection with a governmental function such as "[t]he regulation of traffic." R.C. 2744.02(A)(1) and2744.01(C)(2)(j) and (F). However, there are several exceptions to this general grant of immunity, as set forth in R.C. 2744.02(B). Among other things, a municipality may be held "liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair * * *." R.C. 2744.02(B)(3). Pursuant to this exception, a city may be held liable for failing to repair a faulty traffic light, but only if the city had notice of the defect and a reasonable opportunity to perform the repair. See, e.g., Schmidt v. Mansfield (Apr. 9, 1998), Richland App. No. 97 CA 99; see also Fankhauser v.Mansfield (1969), 19 Ohio St.2d 102.[1]
 {¶ 12} Notice, actual or constructive, is a prerequisite to liability. See, e.g., Harp v.Cleveland Heights, 87 Ohio St.3d 506, 2000-Ohio-467. In this case, there was no evidence that the city had actual notice that the light was malfunctioning at the time of the collision. Cf.Fankhauser, supra.
 {¶ 13} "There is constructive knowledge if `such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger * * *.'" Franks v. Lopez (1994),69 Ohio St.3d 345, 349, quoting Beebe v. Toledo (1958), 168 Ohio St. 203,207. The evidence presented by the plaintiffs in this case indicates that the control relays or contacts were replaced twice and repaired once in the roughly two months before this collision. The contacts were "adjusted" again after this accident. The trial court could properly have found that the number of repairs to the contacts or relays in such a short period of time created a genuine issue of material fact whether the city had constructive notice that the light was defective. Therefore, the court properly denied the City's motion for summary judgment.
[1] Immunity may be reinstated if the municipality can demonstrate that any of the defenses set forth in R.C. 2744.03 applies. Cater v.Cleveland (1998), 83 Ohio St.3d 24, 28. However, the City does not argue that any of these defenses apply. Therefore, we ignore this portion of the immunity analysis.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., CONCURS ANN DYKE, A.J., DISSENTS (SEE ATTACHED DISSENTING OPINION)