HUBBELL, APPELLEE, *v.* CITY OF XENIA, APPELLANT.

[Cite as *Hubbell v. Xenia,* 115 Ohio St.3d 77, 2007-Ohio-4839.]

(Nos. 2006–1528 and 2006–1589—Submitted May
23, 2007—Decided October 3, 2007.)

LUNDBERG STRATTON, J.

{¶ 1} The city of Xenia, defendant-appellant, appeals from a decision of the Greene County Court of Appeals, dismissing Xenia's appeal on the basis that the trial court's decision denying summary judgment on the city's claim of immunity from liability was not a final, appealable order under R.C. 2744.02(C), as it was not an actual denial of immunity.

{¶ 2} We reverse the judgment of the court of appeals and hold that when a political subdivision or its employee seeks immunity, an order that denies the benefit of an alleged immunity is a final, appealable order pursuant to R.C. 2744.02(C).

## Facts and Procedural History

{¶ 3} Dottie Hubbell, plaintiff-appellee, filed a negligence action against Xenia after an incident in which sewage backed up in her home. Xenia moved for summary judgment on all claims on the grounds that there was no evidence of

negligence and that Xenia was otherwise entitled to immunity under R.C. 2744.02(A)(1) and 2744.03.

{¶ 4} The trial court issued a decision denying Xenia summary judgment on the basis that there was a question of fact as to whether Xenia was entitled to immunity under R.C. Chapter 2744. The trial court further held that R.C. 2744.03(A)(5) immunity does not shield a political subdivision from the negligence of an employee and ordered the case to mediation.

{¶ 5} Xenia appealed, and the Court of Appeals for Greene County dismissed the appeal, concluding that the trial court's decision denying summary judgment on Xenia's claim of immunity from liability was not a final, appealable order under R.C. 2744.02(C). *Hubbell v. Xenia*, 167 Ohio App.3d 294, 2006-Ohio-3369, 854 N.E.2d 1133.

{¶ 6} The court of appeals recognized its decision as being in conflict with a decision from the Fourth District Court of Appeals in *Lutz v. Hocking Technical College* (May 18, 1999), Athens App. No. 98CA12, 1999 WL 355187. As a result, the appellate court certified the following question to us: "Is the denial of a governmental entity's motion for summary judgment on the issue of sovereign immunity due to the existence of genuine issues of material fact a final appealable order, pursuant to R.C. 2744.02(C)?"

{¶ 7} We accepted the certified question, as well as a discretionary appeal. After this court determined that a conflict existed between *Hubbell* and *Lutz*, the Fourth District Court of Appeals overruled the *Lutz* decision in *Estate of Graves v. Circleville*, Ross App. No. 06CA2900, 2006-Ohio-6626, 2006 WL 3691609, and held that "an entry that concludes that a genuine issue of material fact exists as to whether a defendant is entitled to immunity is not a final appealable order under R.C. 2744.02(C) because it does not actually deny the defendant the benefit of immunity." Id., ¶ 16.[1]

{¶ 8} This resolved the certified conflict. However, the same issue is still before this court pursuant to a discretionary appeal.

## Analysis

{¶ 9} "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. Generally, the denial of summary judgment is not a final, appealable order. See, e.g., *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 24, 37 O.O.2d 358, 222 N.E.2d 312. However, Xenia argues that a

---

1. This court has since accepted jurisdiction in *Estate of Graves* and has held it for decision in the instant case. 113 Ohio St.3d 1487, 2007-Ohio-1986, 865 N.E.2d 912.

provision in R.C. Chapter 2744, the Political Subdivision Tort Liability Act, establishes an exception to this rule.

{¶ 10} R.C. 2744.02(C) provides: "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶ 11} We must first look to the plain language of the statute itself to determine the legislative intent. *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519. We apply a statute as it is written when its meaning is unambiguous and definite. *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463. Finally, an unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language. *Burrows,* 78 Ohio St.3d at 81, 676 N.E.2d 519.

{¶ 12} We conclude that the use of the words "benefit" and "alleged" illustrates that the scope of this provision is not limited to orders delineating a "final" denial of immunity. R.C. 2744.02(C) defines as final a denial of the "benefit" of an "alleged" immunity, not merely a denial of immunity. Therefore, the plain language of R.C. 2744.02(C) does not require a final denial of immunity before the political subdivision has the right to an interlocutory appeal.

{¶ 13} It appears that the application of R.C. 2744.02(C) by the courts of appeals falls into three categories. Some courts, like the Second District in this case, find a lack of jurisdiction in any appeal from an order finding a genuine issue of fact regarding whether immunity exists under R.C. Chapter 2744. Other appellate courts review such orders on the merits, holding that they are final under R.C. 2744.02(C). See *Tomlin v. Pleban,* 8th Dist. No. 87699, 2006-Ohio-6589, 2006 WL 3635173. Still other courts of appeals review the merits on a preliminary basis and dismiss for lack of jurisdiction only after determining that the question of immunity turns on a question of fact. See *Bays v. Northwestern Local School Dist.* (July 21, 1999), 9th Dist. No. 98CA0027, 1999 WL 514029. See, also, *Cunningham v. Allender,* 5th Dist. No. 2004CA00337, 2005-Ohio-1935, 2005 WL 941141.

{¶ 14} There even appears to be confusion within certain districts as to the application of R.C. 2744.02(C). For example, the Fourth District's decision in *Estate of Graves,* 2006-Ohio-6626, 2006 WL 3691609, came six months after a decision in which the court expressly relied upon R.C. 2744.02(C) to address the merits of the denial of summary judgment. *Malone v. Chillicothe,* 4th Dist. No. 05CA2869, 2006-Ohio-3268, 2006 WL 1745052. Further, the Second District in *Hubbell* noted that it had previously interpreted R.C. 2744.02(C) to reach the

opposite conclusion, i.e., that such orders are final. See *Garrison v. Bobbitt* (1999), 134 Ohio App.3d 373, 731 N.E.2d 216, and *Weber v. Haley* (May 1, 1998), Clark App. No. 97CA108, 1998 WL 211832. Therefore, clarification of this issue is needed.

{¶ 15} The court of appeals in this case noted that its past approach under R.C. 2744.02(C) was to consider denials of summary judgment as final, appealable orders when the trial court had concluded that there were genuine issues of material fact on immunity. 167 Ohio App.3d 294, 2006-Ohio-3369, 854 N.E.2d 1133, ¶ 8. However, the court acknowledged that other districts have reached the opposite conclusion. Id. at ¶ 9–12. The court of appeals determined that the Ninth District had a better approach, citing *Brown v. Akron Bd. of Edn.* (1998), 129 Ohio App.3d 352, 717 N.E.2d 1115, which held that the denial of a school district's motion for summary judgment did not deny the district the benefit of sovereign immunity and was not immediately appealable.[2] Id. at 358, 717 N.E.2d 1115.

{¶ 16} In *Brown*, the court failed to completely analyze the statute when it stated: "The issue this court must determine is whether the trial court's order denying the board's motion for summary judgment was an order denying the board 'an alleged immunity from liability as provided in Chapter 2744.'" Id. at 356, 717 N.E.2d 1115. The statute actually reads "the *benefit* of an alleged immunity" (emphasis added), which we have determined is a significant distinction. *Brown* then concluded that if the trial court found that issues of fact existed, the order denying summary judgment was not a final, appealable order.

{¶ 17} In addition to *Brown*, the court of appeals in this case relied on *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.*, 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, in which we held that the denial of a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim was not a final, appealable order, to support its conclusion that a denial of a political subdivision's motion for summary judgment is not immediately appealable.

{¶ 18} The procedural posture of *Titanium* distinguishes it from the case at bar. In *Titanium*, the third-party defendant appealed from a trial court decision denying a motion to dismiss based on immunity without opinion. Since there was no record or opinion, we could not determine the basis of the appeal.

{¶ 19} The parties in *Titanium* did not appeal the issue whether R.C. 2744.02(C) was applicable; therefore, we expressly declined to address the merits

---

2. *Brown* was decided before Am.Sub.S.B. No. 350, which enacted R.C. 2744.02(C), was declared unconstitutional in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062. However, the current version of R.C. 2744.02(C), enacted in 2002, is identical to the prior version. See 149 Ohio Laws, Part II, 3500, 3508–3509.

of that argument. *Titanium* at ¶ 9. Rather, relying on traditional concepts, we held that there was no final, appealable order in the current posture of the case and sent the case back to the trial court. Our opinion was not based on R.C. 2744.02(C), as the issue of its applicability was not ripe for review. Id.

{¶ 20} Here, the record contains evidence upon which the trial court denied the motion for summary judgment, so as to deny Xenia "the benefit of an alleged immunity from liability." A court of appeals may not avoid deciding difficult questions of immunity by pointing to the trial court's use of the language "genuine issue of material fact." Upon de novo review, a court of appeals may find that the issues of fact cited by the trial court do not justify the denial of immunity. See, e.g., *Bays,* 9th Dist. No. 98CA0027, 1999 WL 514029; *Infante v. Akron* (Feb. 25, 1998), 9th Dist. No. 18493, 1998 WL 103331; *Pequignot v. Adams Twp. Bd. of Trustees* (Sept. 28, 1998), 3d Dist. No. 17–98–5, 1998 WL 667640; *Sciulli v. Rocky River* (July 23, 1998), 8th Dist. No. 73716, 1998 WL 414928 (Civ.R. 12(B)(6) motion to dismiss); and *Drew v. Laferty* (June 1, 1999), 4th Dist. No. 98CA522, 1999 WL 366532.

{¶ 21} A court of appeals must exercise jurisdiction over an appeal of a trial court's decision overruling a Civ.R. 56(C) motion for summary judgment in which a political subdivision or its employee seeks immunity. Absent some other procedural obstacle, a court of appeals must conduct a de novo review of the law and facts. If, after that review, only questions of law remain, the court of appeals may resolve the appeal. If a genuine issue of material fact remains, the court of appeals can remand the case to the trial court for further development of the facts necessary to resolve the immunity issue.

## Policy Considerations

{¶ 22} The court of appeals below identified two policy reasons in support of its refusal to apply R.C. 2744.02(C) to orders denying summary judgment on the issue of immunity: judicial economy and ease of application. 167 Ohio App.3d 294, 2006-Ohio-3369, 854 N.E.2d 1133, ¶ 14–15. However, "[j]udicial policy preferences may not be used to override valid legislative enactments, for the General Assembly should be the final arbiter of public policy." *State v. Smorgala* (1990), 50 Ohio St.3d 222, 223, 553 N.E.2d 672, superseded by statute on other grounds, as recognized in *State v. Mayl,* 106 Ohio St.3d 207, 2005-Ohio-4629, 833 N.E.2d 1216, ¶ 54.

{¶ 23} In *Wilson v. Stark Cty. Dept. of Human Servs.* (1994), 70 Ohio St.3d 450, 639 N.E.2d 105, this court noted that R.C. Chapter 2744 was the General Assembly's response to the judicial abrogation of common-law sovereign immunity and that "[t]he manifest statutory purpose of R.C. Chapter 2744 is the preservation of the fiscal integrity of political subdivisions." Id. at 453, 639 N.E.2d 105.

{¶ 24} Judicial economy is actually better served by a plain reading of R.C. 2744.02(C):

{¶ 25} "[D]etermination of whether a political subdivision is immune from liability is usually pivotal to the ultimate outcome of a lawsuit. Early resolution of the issue of whether a political subdivision is immune from liability pursuant to R.C. Chapter 2744 is beneficial to both of the parties. If the appellate court holds that the political subdivision is immune, the litigation can come to an early end, with the same outcome that otherwise would have been reached only after trial, resulting in a savings to all parties of costs and attorney fees. Alternatively, if the appellate court holds that immunity does *not* apply, that early finding will encourage the political subdivision to settle promptly with the victim rather than pursue a lengthy trial and appeals. Under either scenario, both the plaintiff and the political subdivision may save the time, effort, and expense of a trial and appeal, which could take years.

{¶ 26} " * * * As the General Assembly envisioned, the determination of immunity could be made prior to investing the time, effort, and expense of the courts, attorneys, parties, and witnesses pursuant to amendments made to R.C. 2744.02(C) and 2501.02." (Emphasis sic.) *Burger v. Cleveland Hts.* (1999), 87 Ohio St.3d 188, 199–200, 718 N.E.2d 912 (Lundberg Stratton, J., dissenting).

## Conclusion

{¶ 27} Accordingly, we hold that when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C). We, therefore, reverse the judgment of the court of appeals and remand this matter to the court of appeals for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

MOYER, C.J., O'DONNELL and CUPP, JJ., concur.

PFEIFER, O'CONNOR and LANZINGER, JJ., dissent.

---

**PFEIFER, J., dissenting.**

{¶ 28} The majority today reverses a well-reasoned and influential opinion from the Second District Court of Appeals. Other appellate districts have embraced the Second District's reasoning in this case, rejecting their own former interpretation of R.C. 2744.02(C) as allowing an interlocutory appeal when a trial court has denied a political subdivision's motion for summary judgment based

upon the existence of a genuine issue of material fact. The lower court's opinion in this case deserves that respect—it is true to R.C. 2744.02(C), fair to all parties, and presents the best way to achieve judicial economy in sovereign-immunity cases.

{¶ 29} As the majority points out, after we accepted this case pursuant to a certified conflict between the Second and Fourth Appellate Districts, the Fourth Appellate District in *Estate of Graves v. Circleville*, Ross App. No. 06CA2900, 2006-Ohio-6626, 2006 WL 3691609, decided to adopt the appellate court's reasoning in this case. Moreover, the Eighth Appellate District, a district the majority depicts as differing from the Second District in the application of R.C. 2744.02(C), has also recently adopted the Second District's reasoning from *Hubbell* in *Fogle v. Bentleyville*, Cuyahoga App. No. 88375, 2007-Ohio-2913, 2007 WL 1705307. In *Martin v. Gahanna*, Franklin App. No. 06AP–1175, 2007-Ohio-2651, 2007 WL 1560283, ¶ 9, the Tenth District wrote that it found the reasoning of *Hubbell* to be persuasive. The majority in today's decision seems to be on the wrong side of a growing trend.

{¶ 30} Certainly, this court should carefully consider the practical underpinnings of the appellate court's opinion in this case. First-level appellate courts face the reality of appeals from summary judgment on a daily basis, and that experience seems to have guided the appellate court. The court wrote:

{¶ 31} "[The] conservative construction of R.C. 2744.02(C) best serves the purpose of judicial economy. Generally, when a trial court concludes that there is a genuine issue of material fact concerning an issue—thus requiring more work for the trial court in the form of a trial on that issue—it is unusual for a reviewing appellate court to find, to the contrary, that there is no genuine issue of material fact. So, in the usual situation when an appellate court would agree that a factual question exists concerning governmental immunity, an immediate appeal would merely add an unnecessary appeal—with its attendant delay—to the litigation." *Hubbell v. Xenia*, 167 Ohio App.3d 294, 2006-Ohio-3369, 854 N.E.2d 1133, ¶ 14.

{¶ 32} Secondly, as the appellate court pointed out, a narrower interpretation of R.C. 2744.02(C) "would provide a simple, easily applied test for determining whether an order that did not grant a request for immunity was immediately appealable." *Hubbell*, 167 Ohio App.3d 294, 2006-Ohio-3369, 854 N.E.2d 1133, ¶ 15. That certainty conserves parties' resources as well as judicial resources.

{¶ 33} A final practical aspect discussed by the court below is that under a broad interpretation of R.C. 2744.02(C), "any order that failed to grant immunity when requested would raise the question of whether the case was in an appropriate procedural posture for appellate review." Id. Denials of Civ.R. 12(B)(6) motions and motions for a directed verdict, as well as denials of multiple motions

for summary judgment, can now be immediately appealed, according to the majority opinion.

{¶ 34} The majority demeans the work of appellate courts when it states that "[a] court of appeals may not avoid deciding difficult questions of immunity by pointing to the trial court's use of the language 'genuine issue of material fact.' " Appellate courts are not attempting to avoid "difficult" issues; they are trying to avoid wasting their own time and that of the parties. The issue of immunity will eventually be settled in appellate courts when the issue and the record are sufficiently ripe.

{¶ 35} Besides the practicalities pointed out by the appellate court in this case, that court's holding is consistent with R.C. 2744.02(C), which reads:

{¶ 36} "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶ 37} The key word in R.C. 2744.02(C) is "denies." Certainly, Xenia cannot claim that its assertion of immunity has been denied, that it has been foreclosed from further asserting and proving its alleged immunity at the trial level. The majority ascribes special meaning to the words "benefit" and "alleged" in its opinion, though it does not set forth *why* those words are especially important. The majority acts as though there is a "benefits package" that comes with immunity, and that part of that package is an automatic appeal every time the court does not respond summarily in a political subdivision's favor. The "benefit" of immunity from liability is simply immunity from liability, not immunity from being sued. Political subdivisions are not immune from having to defend themselves in court.

{¶ 38} Here, the trial court denied a motion for summary judgment—it did not deny Xenia the ability to successfully mount a defense. Xenia could still enjoy the benefit of immunity. R.C. 2744.02(C) does not grant an immediate appeal when the political subdivision has not developed the record enough for a decision on its immunity to be made one way or another. As the court said below, a denial of a summary judgment motion due to the existence of a genuine issue of material fact is not a judgment on the movant's claim, but rather is a commentary on the state of the record. *Hubbell,* 167 Ohio App.3d 294, 2006-Ohio-3369, 854 N.E.2d 1133, ¶ 13.

{¶ 39} The appellate court's decision in this case relied in part on this court's holding in *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.,* 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199, and the majority should not back away from that well-reasoned decision. In holding that an appellate court lacked jurisdiction to hear an appeal of the denial from a Civ.R. 12(B)(6) motion in *Titanium Metals,* this court essentially held that a "not yet" ruling does not

constitute a denial of an alleged immunity. As the lower court said of our opinion in *Titanium Metals,* "an order is not immediately appealable merely because the trial court denied a request for immunity." *Hubbell* at ¶ 21. Neither a denial of a Civ.R. 12(B)(6) motion nor a denial of summary judgment because of a factual dispute goes to the merits of the case, but instead reflect the merits of the record as it then exists. The majority tries to distance itself from *Titanium Metals,* but the simple fact is that this court did hold in *Titanium Metals* that the denial of a Civ.R. 12(B)(6) motion did not deny the political subdivision its immunity defense. This court wrote, "The [trial] court made no determination as to whether immunity applied, whether there was an exception to immunity, or whether R.C. 2744.05(B)(1) precludes contribution as the basis for its decision. The court did not dispose of the case." Id., ¶ 10.

{¶ 40} Here, the trial court did not dispose of the case or of the immunity issues raised by Xenia. As the court wrote below, "Until the trial court has denied the claim of immunity—as opposed to failing to grant the request for immunity at that time—the trial court has merely determined that there are questions of fact that need resolution before the immunity question can be fully addressed." *Hubbell,* 167 Ohio App.3d 294, 2006-Ohio-3369, 854 N.E.2d 1133, ¶ 21.

{¶ 41} This court need not judicially expand R.C. 2744.02(C) to further mollycoddle political subdivisions. Political subdivisions are not the only participants in lawsuits—the resources of plaintiffs and courts are also stretched in having to address excessive appeals. Plaintiffs, most often ordinary citizens harmed by the actions of a political subdivision, already face a stacked deck and an opponent with comparatively vast resources. Now, the majority draws no line on the number of immediate appeals a political subdivision can take. It's good to be king.

---

O'CONNOR, J., dissenting.

{¶ 42} I join the dissenting opinion of Justice Pfeifer to the extent that he would affirm the judgment of the court of appeals based on its interpretation of R.C. 2744.02(C) and our holding in *State Auto. Mut. Ins. Co. v. Titanium Metals Corp.,* 108 Ohio St.3d 540, 2006-Ohio-1713, 844 N.E.2d 1199. I do not join the dissenting opinion, however, with respect to its statements about sovereign immunity.

LANZINGER, J., concurs in the foregoing opinion.

McNamee & McNamee, P.P.L., Michael P. McNamee, and Gregory B. O'Connor, for appellee.

Subashi, Wildermuth & Ballato, Lynnette Ballato, and Tabitha Justice, for appellant.

Barry M. Byron, Stephen L. Byron, and John Gotherman, urging reversal for amicus curiae Ohio Municipal League.

Scott, Scriven & Wahoff, L.L.P., Gregory B. Scott, and Patrick J. Schmitz, urging reversal for amicus curiae Ohio School Boards Association.

Mazanec, Raskin & Ryder Co., L.P.A., John T. McLandrich, James A. Climer, and Frank H. Scialdone, urging reversal for amicus curiae city of Circleville.