DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants appeal from a decision of the Erie County Court of Common Pleas granting summary judgment to appellees. For the reasons that follow, we reverse.
 {¶ 2} Appellee, Robert Tomazic, Jr., owns a tavern in downtown Sandusky, Ohio. At the December 23, 2002, Sandusky City Commission meeting, a resolution was introduced to object to the renewal of Tomazic's liquor permit. The basis of the objection was that unruly crowds tended to congregate in the parking lot of the tavern requiring frequent police presence. A motion was made for passage of the resolution but it was not *Page 2 
seconded. After much discussion, Tomazic agreed to work with the police to alleviate the problems in his parking lot.
 {¶ 3} On December 27, 2004, a resolution was once again introduced to object to the renewal of Tomazic's liquor permit due to ongoing public disruptions in his parking lot. This time, the resolution passed. On December 28, 2007, the city forwarded its resolution to the Ohio Department of Commerce, Division of Liquor Control Licensing office ("the division"). Following a hearing, the division concluded that the city did not present sufficient evidence that Tomazic was unfit to engage in the retail sale of alcohol or that his business adversely impacted the peace, sobriety and good order of the community. The city did not appeal the division's decision.
 {¶ 4} On November 9, 2006, Tomazic filed a complaint against the city of Sandusky, the Sandusky Police Department, the retired Sandusky Police Chief, the Sandusky City Manager, the Sandusky Law Director and each individual member of the Sandusky City Commission, alleging tortious interference with a business relationship. On January 2, 2008, the defendants, arguing immunity, filed a motion for summary judgment. The trial court granted the motion as to the city of Sandusky and the Sandusky Police Department and dismissed the claims against those parties. The trial court denied the motion as to the remaining defendants. Defendants, now appellants, appeal setting forth the following assignment of error:
 {¶ 5} "The trial court erred to the prejudice of defendants when it denied the motion for summary judgment." *Page 3 
 {¶ 6} As an initial matter, we recognize a denial of summary judgment generally is not a final, appealable order. However, "[w]hen a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and is therefore a final, appealable order pursuant to R.C. 2744.02(C)." Hubbell v. City of Xenia (2007), 115 Ohio St.3d 77, syllabus.
 {¶ 7} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 67, Civ. R. 56(C).
 {¶ 8} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact, Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ. R. 56(E); Riley v. Montgomery *Page 4 
(1984), 11 Ohio St.3d 75, 79. A material fact is one that would affect the outcome of the suit under the applicable substantive law.Russell v. Interim Personnel, Inc. (1999), 135 Ohio App.3d 301, 304;Needham v. Provident Bank (1996), 110 Ohio App.3d 817, 826, citingAnderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248,106 S.Ct. 2505, 91 L.Ed.2d 202.
 {¶ 9} "The elements of tortious interference with a business relationship are (1) a business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom."Dolan v. Glouster, 173 Ohio App.3d 617, 2007-Ohio-6275, ¶ 33. Under R.C. 2744.03(A)(6), political subdivision employees acting within the scope of their employment are immune from tort liability as long as they do not act "with malicious purpose, in bad faith, or in a wanton or reckless manner."
 {¶ 10} In opposition to appellants' motion for summary judgment, Tomazic submitted an affidavit in which he alleged that appellees purposely exaggerated the number of times that police were called to his establishment in an effort to jeopardize his liquor permit and force him out of business. Tomazic also alleged that appellees purposely engaged in such behavior to facilitate their plan to construct an entertainment district in the area of his current business. Based on this affidavit, the trial court concluded that "a finder of fact could conceivably conclude the individual defendants acted with malice, in bad faith or in a wanton or reckless fashion." *Page 5 
 {¶ 11} We disagree with the trial court's conclusion. Tomazic's affidavit merely sets forth legal conclusions or opinions without supporting facts, and thus, is insufficient to meet the requirements of Civ. R. 56(E). Per Civ. R. 56(E), supporting affidavits must be based on personal knowledge and must contain evidence that would be admissible at trial. Thus, affidavits merely consisting of legal conclusions or opinions without supporting facts do not satisfy the nonmovant's reciprocal evidentiary burden. Stamper v. Middletown Hosp. Assn. (1989),65 Ohio App.3d 65, 69. Accordingly, appellants' sole assignment of error is found well-taken.
 {¶ 12} On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings in accordance with this decision. Appellees are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
 JUDGMENT REVERSED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, J., and Thomas J. Osowik, J., CONCUR. *Page 1