OPINION
{¶ 1} Defendant-appellant Board of Commissioners of Montgomery County *Page 2 
(hereinafter "the Board") appeals a decision of Montgomery County Court of Common Pleas, General Division, which overruled its motion for summary judgment filed pursuant to R.C. § 2744.02(C). While a denial of summary judgment is not generally a final, appealable order subject to appellate review, R.C. § 2744.02(C) provides for appellate jurisdiction when a trial court denies sovereign immunity. Thus, following the trial court's denial of summary judgment in a brief written decision filed on July 25, 2008, the Board filed a timely notice of appeal with this Court on August 15, 2008.
 I {¶ 2} Plaintiff-appellees Diane Stanton-King and her husband, Ronald A. King, filed a complaint on October 16, 2006, in which they alleged that Diane suffered injuries from a slip and fall which occurred as a result of the negligence of the Board. Diane argued that the Board was negligent in its duty to properly maintain the above-ground public parking lot adjacent to the Montgomery County Administration Building, which resulted in the conditions that caused her fall and subsequent injury. On November 13, 2006, the Board filed its answer in which it denied liability and asserted the defense of sovereign immunity pursuant to R.C. § 2744.02(C).
 {¶ 3} After discovery was conducted, the Board filed a motion for summary judgment in which it argued that Diane's legal status at the time she was injured in the parking garage was that of a licensee. Thus, the Board asserted that her claim was barred by the doctrine of sovereign immunity. Diane responded to the motion for summary judgment by arguing that her legal status was that of a business invitee, rather than a licensee, and as such, the doctrine of sovereign immunity did not act to bar her negligence claim.
 {¶ 4} On July 25, 2006, the trial court issued a written decision in which it overruled *Page 3 
the Board's motion for summary judgment. The trial court's rationale, however, did not contain any analysis of the legal issues raised by the Board. In particular, the trial court's decision contained no discussion of the parties' arguments regarding Diane's legal status as a licensee or an invitee. It is undisputed that Diane's legal status at the time of her accident was the key determination to be made before it could be found whether sovereign immunity applied to bar her claim. In its brief opinion, the trial court simply held that "* * * there are genuine issues of material fact in regards to the cause of Plaintiff's fall."
 {¶ 5} It is from this judgment that the Board now appeals.
 II {¶ 6} The Board's sole assignment of error is as follows:
 {¶ 7} "SINCE THE DEFENDANT, THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY, OHIO, IS UNQUESTIONABLY SHIELDED FROM ANY LIABILITY ASSERTED IN THE CASE SUB JUDICE BY THE DOCTRINE OF SOVEREIGN IMMUNITY AS CODIFIED IN CHAPTER 2744 OF THE OHIO REVISED CODE THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN OVERRULING THE DEFENDANT'S BELOW MOTION FOR SUMMARY JUDGMENT BASED IN PART ON SAID DOCTRINE."
 {¶ 8} In its sole assignment, the Board contends that the trial court erred by overruling its motion for summary judgment. In light of the trial court's failure to provide any analysis upon which to base its decision, the Board asks us to find that the court's decision is defective and remand the case back to the court for a proper and thorough review of the issues involved. Otherwise, the Board requests that we review the trial court's decision which seemingly *Page 4 
overruled the Board's sovereign immunity claim under a de novo standard.
 {¶ 9} "Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV, Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ. R. 54(B). Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88, 541 N.E.2d 64. Generally, a denial of summary judgment is not a final appealable order.Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292. However, R.C. 2744.02(C) provides for appellate jurisdiction when a trial court denies sovereign immunity. The Supreme Court has evaluated R.C. 2744.02(C) and determined that a court of appeals must conduct a de novo review even if the trial court's denial of summary judgment was based on genuine issues of material fact. Xenia v. Hubbell,115 Ohio St.3d 77, 873 N.E.2d 878, 2007-Ohio-4839, at ¶ 21.* * *" Ward v. City ofNapoleon, Henry County App. No. 7-07-14, 2008-Ohio-4643.
 {¶ 10} An appellate court reviews a trial court's summary judgment decision de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. ViockStowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, 467 N.E.2d 1378.
 {¶ 11} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 12} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is *Page 5 
adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve.Id.
 {¶ 13} In the instant case, the trial court completely failed to address the central issue of whether Diana's legal status at the time of her accident was a licensee or a business invitee. Without that preliminary determination of legal status, and the attendant determination on the applicability of the sovereign immunity, we do not have a final appealable order. In the absence of a clear and unequivocal determination of the applicability of the sovereign immunity doctrine, there is no final appealable order before us to review. Thus, we remand this case to the trial court in order for the court to properly determine Diana's legal status, and subsequently whether the doctrine of sovereign immunity is applicable to the instant facts.
 {¶ 14} We feel compelled to note that the single finding made with respect to the existence of "genuine issues of material fact in regards to the cause of Plaintiff's fall" is completely unsupported by the record developed since this case was filed on October 16, 2006. A review of the record developed thus far reveals that no genuine issue of fact exists regarding the cause of Diana's fall. It is undisputed that the cause of Diana's fall was an oily substance on the ground next to the driver's side of her vehicle that was present when she exited her vehicle in the parking lot.[1] On remand, the trial court's focus should initially be on Diana's legal status *Page 6 
when the accident occurred. If the trial court holds that Diana was a licensee, the doctrine of sovereign immunity would apply to vitiate her negligence claim against the Board, and a grant of summary judgment would be proper.
 {¶ 15} In the event that the trial court holds that Diana was a business invitee, rather than a licensee, when the accident occurred, the doctrine of sovereign immunity will not serve to abrogate her negligence claim. The trial court must then determine whether the Board or any of its employees acted negligently regarding the existence of the oily substance on which Diana slipped and fell. In doing so, the trial court should also examine the accident in relation to the open and obvious doctrine in order to make a determination with respect to the alleged negligence of the Board. All of these issues were before the trial court, yet they were not addressed.
 {¶ 16} When issues of immunity and legal status are implicated in a motion for summary judgment or a motion to dismiss, a trial court must adopt a step-by-step approach in order to properly dispose of these issues. This careful and deliberate approach is best exemplified in an opinion written by another trial judge in Montgomery County in the case of W.P., A Minor, et al. v. City of Dayton, Montgomery County Comm. Pl. 2006 CV 7892, in which the court granted summary judgment to a public entity based on a finding that sovereign immunity served to bar the plaintiff's claims. We recently affirmed the trial court's decision inW.P., A Minor, et al. v. City of Dayton, Montgomery App. No. 22549,2009-Ohio-52, holding that the trial court did not err when it found that the exception to governmental immunity in R.C. 2744.02(B)(5) did not apply to the alleged misconduct *Page 7 
of its police officer from which claims for relief for bodily injury against the City of Dayton arose. We additionally held that Dayton was also entitled to summary judgment on related 42 U.S.C. § 1983 claims for relief absent evidence that its officer had followed a policy or custom of Dayton when she engaged in the alleged misconduct. In sustaining the publiic entity's motion for summary judgment and motion to dismiss, the trial court in W.P. engaged in a thoughtful and comprehensive analysis that employed the step-by-step approach necessary to properly adjudicate sovereign immunity issues. On remand, we urge the trial court in the instant case to adopt a similar thorough approach when dealing with the Board's motion for summary judgment.
 {¶ 17} The Board's sole assignment of error is sustained insofar as no final appealable order exists for us to review.
 III {¶ 18} The Board's sole assignment of error having been sustained, we reverse and remand this matter to the trial court for proceedings consistent with this opinion.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Donald K. Scott Brett Bissonnette Walter F. Ruf Benjamin W. Crider Hon. Frances E. McGee
[1] We note, however, that on March 6, 2008, the trial court halted all discovery pending the outcome of the Board's motion for summary judgment. *Page 1