Pfeifer, J.,
dissenting.
{¶ 15} I join Justice Lanzinger’s dissent: Civ.R. 54(B) controls this case. The majority today deals another blow to judicial economy by reading into R.C. 2744.02(C) a nonexistent provision regarding multiple-party litigation. Further, the majority’s reliance on this court’s decision in Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, is misplaced.
{¶ 16} R.C. 2744.02(C) makes summary judgment orders denying political-subdivision immunity final orders, not appealable orders. In Hubbell, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶2, this court held that “when a political subdivision or its employee seeks immunity, an order that denies the benefit of an alleged immunity is a final, appealable order pursuant to R.C. 2744.02(C).” But in Hubbell this court was not dealing with Civ.R. 54(B)’s limits on the appealability of final orders. Hubbell was not a multiple-defendant case.
{¶ 17} Neither Hubbell nor R.C. 2744.02(C) addresses the special circumstance of multiple-party litigation. Civ.R. 54(B) should continue to control multiple-party litigation, allowing trial judges to determine how to best achieve judicial economy.