[Cite as *Cleveland v. Graham*, 2020-Ohio-379.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 108232 |
| v. | : | |
| CHRISTOPHER GRAHAM, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 6, 2020

Criminal Appeal from the Cleveland Municipal Court
Case No. 17CRB021726

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, and Bryan Fritz and Alisa Boles, Assistant Prosecuting Attorneys, *for appellee.*

Jordan & Sidoti, L.L.P., and Marcus S. Sidoti, *for appellant.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendant-appellant Christopher Graham appeals from the January 5, 2019 judgment of the Cleveland Municipal Court denying his motion to dismiss. For the reasons that follow, we dismiss this appeal for lack of a final, appealable order.

{¶ 2} The record in this case shows that Graham was a Cleveland police officer, and on September 12, 2017, while acting in his official capacity, he arrested the alleged victim in this case on a "false charge of assault on a peace officer." The charges against the alleged victim were dismissed by the Cuyahoga County Prosecutor's Office. As a result of the incident, Graham was criminally charged in this case in the Cleveland Municipal Court with two misdemeanors: assault and unlawful restraint.

{¶ 3} Graham filed a motion to dismiss based on common-law qualified immunity. The city opposed the motion. The trial court held a hearing on the motion, and thereafter denied it, issuing a written opinion. Graham appealed. This court, sua sponte, ordered the parties to submit briefing on "whether an order denying a motion to dismiss criminal charges premised on common-law qualified immunity constitutes a final, appealable order."

{¶ 4} Under long-standing law, an order must be final before it can be reviewed by an appellate court. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 9. An appellate court has no jurisdiction to consider an order that is not final. *Id.* In general, a decision denying a motion to dismiss is not a final, appealable order. *Lakewood v. Pfeifer*, 83 Ohio App.3d 47, 50, 613 N.E.2d 1079 (8th Dist.1992). In the context of a criminal case, an order denying a motion to dismiss is not a final order. *State v. Eberhardt*, 56 Ohio App.2d 193, 197, 381 N.E.2d 1357 (8th Dist.1978).

**{¶ 5}** In his brief advocating that the trial court's judgment is a final, appealable order, Graham relies on two grounds: first, R.C. 2505.02, governing final orders, and second, R.C. 2744.02(C), governing interlocutory review of qualified immunity. We will consider both grounds in turn.

**R.C. 2505.02**

**{¶ 6}** R.C. 2505.02(B)(4) provides in pertinent part that,

[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

**{¶ 7}** R.C. 2505.02(A)(3) defines provisional remedy as follows:

"Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

**{¶ 8}** Graham contends that a decision regarding qualified immunity is a provisional remedy subject to appeal. In *Shane v. Tracy*, 8th Dist. Cuyahoga No. 77025, 2000 Ohio App. LEXIS 3844 (Aug. 24, 2000), this court decided otherwise,

however. In *Shane*, the plaintiff was the president of a furniture company at the time the company was going out of business. At the time the business was winding down, it was delinquent in paying its Ohio sales taxes. In accordance with the Ohio Department of Taxation's rules, the plaintiff posted a cash bond of $103,000 as surety for the delinquency.

{¶ 9} Soon after the bond was posted, the Department of Taxation filed a $43,000 claim against the plaintiff and the surety company for past due sales taxes. The plaintiff requested the surety company pay the amount. According to the plaintiff, the defendants — the Department of Taxation, its commissioner, and two employees — were aware of the surety bond and that payment to the Department of Taxation by the surety company was imminent. Nonetheless, according to the plaintiff, the defendants arranged a sting operation whereby an undercover agent made a purchase from the plaintiff at the business. After the purchase, the defendants obtained a search warrant for the business and arrested the plaintiff at the business for selling an item without a valid vendor's license.

{¶ 10} Six days later, the surety company paid the money to the Department of Taxation. According to the plaintiff, unbeknownst to him, the charges against him were dismissed. However, for several years thereafter, the defendants told him that the charges were still pending and would not be dismissed unless he signed a waiver of all potential civil claims against the defendants. After the plaintiff learned that the charges against him had been dismissed, he sued the defendants for

malicious prosecution, false arrest, and violating his federal and state constitutional rights.

{¶ 11} The defendants filed a motion to dismiss on the ground, among others, that they had immunity from suit. The trial court denied the motion, and the defendants appealed and contended that the motion to dismiss should have been granted on immunity grounds. This court found no final, appealable order under R.C. 2505.02. Specifically, in regard to the defendants' contention that the denial of its motion to dismiss was the denial of a provisional remedy, this court stated the following:

> Finally, R.C. 2505.02(B)(4) is not triggered because the order appealed from did not grant or deny a provisional remedy. R.C. 2505.02(A)(3) defines "provisional remedy" as a "proceeding ancillary to the action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." In *Taylor v. County of Cuyahoga*, 2000 Ohio App. LEXIS 137 (Jan. 20, 2000), Cuyahoga App. No. 75473, unreported, this Court found that a denial of a motion for summary judgment which was based on the defense of sovereign immunity did not constitute a provisional remedy, as a grant of summary judgment fully determines the underlying litigation and therefore is not ancillary to the action. *Id.* at 7-8. Furthermore, we held that even if it was a provisional remedy it did not meet the requirements under R.C. 2505.02(B)(4)(b) as a party is afforded meaningful review of the denial at the conclusion of the underlying action.
>
> Likewise, in the case herein, we find that a denial of a motion to dismiss does not constitute a provisional remedy as it is not ancillary to the action but goes to the essence of the action itself. Nor is a party precluded from meaningful review of the trial court's denial as it can be brought up on appeal following the conclusion of the action. * * *.

*Shane v. Tracy*, 8th Dist. Cuyahoga No. 77025, 2000 Ohio App. LEXIS 3844, 11-12 (Aug. 24, 2000).

**{¶ 12}** Further, this court distinguished the state law from the federal law on this issue as follows:

> Defendants rely on federal law in support of their argument that this is a provisional remedy. However, such arguments are rooted in the "collateral order doctrine" embodied in Title 28 U.S.C. § 1291 which allows immediate appeal in the federal courts of certain "final decisions" that are completely separate from the merits of the action and effectively unreviewable on appeal after final judgment. *Johnson v. Jones* (1995), 515 U.S. 304, 310, 132 L. Ed. 2d 238, 115 S. Ct. 2151. Immediate appellate review of a qualified immunity denial "is a federal procedural right that simply does not apply in a nonfederal forum." *Johnson v. Fankell* (1997), 520 U.S. 911, 912, 138 L. Ed. 2d 108, 117 S. Ct. 1800. (*Frankell* [sic] upheld the Idaho Supreme Court's decision that it lacked appellate jurisdiction, pursuant to Idaho's appellate rules, of a lower court's denial of a motion to dismiss based on "qualified immunity"). Therefore, as defendants concede, the procedural question whether immediate appeal is permitted is a question of state law. (Aplt's Brf. at 13). We find that Ohio law does not permit an appeal of the trial court's denial of defendants' motion to dismiss based on the qualified immunity doctrine.

*Shane* at 12-13.

**{¶ 13}** Thus, under *Shane*, the denial of a motion to dismiss based on common law immunity is not a final, appealable order.

## R.C. 2744.02(C)

**{¶ 14}** Graham also cites the exception found in R.C. Chapter 2744 that provides that denial of immunity to a political subdivision or its employees is a final, appealable order; it is known as the "Political Subdivision Tort Liability Act." R.C. 2744.02(C) provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." R.C.

2744.02(B) provides that the Act "is concerned with civil liability, not criminal liability," to a political subdivision, however.[1] *Palmer v. Foley*, 2d Dist. Montgomery No. 21235, 2006-Ohio-4013, ¶ 16. Thus, Graham's claim of common law immunity for criminal charges does not arise from a civil claim under the Act.

**"Any Other Provision of the Law"**

{¶ 15} As mentioned, in addition to orders denying alleged immunity for all claims under R.C. Chapter 2744 qualifying as a final order, the Act also states that an order denying alleged immunity under "any other provision of the law is a final order." R.C. 2744.02(C). "Law," for the purpose of R.C. Chapter 2744, "means any provision of the constitution, statutes, or rules of the United States or of this state; provisions of charters, ordinances, resolutions, and rules of political subdivisions; and written policies adopted by boards of education." R.C. 2744.01(D). R.C. 2744.01(D) specifically states, "[w]hen used in connection with the 'common law,' this definition does not apply." Thus, Graham's common law claim of immunity is not based on "any other provision of law."[2]

---

[1]Specifically, R.C. 2744.02(B) provides that under certain circumstances and "[s]ubject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a *civil* action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function * * *." (Emphasis added.)

[2]We note that Ohio case law is sparse on the issue of qualified immunity as a defense to criminal charges. We only found two cases in our review: *State v. White*, 2013-Ohio-51, 988 N.E.2d 595 (6th Dist.), and *State v. Truckey*, 11th Dist. Ashtabula No. 2017-A-0076, 2019-Ohio-407. The Sixth District did not consider the issue in *White* because the defendant raised it after a guilty verdict had been reached and the trial court did not consider it. *Id.* at ¶ 82, 87. The Eleventh District rejected the proposition in *Truckey*, agreeing with the state that the "issue of under what circumstances a police officer should

{¶ 16} We recognize that our decision that there is no final, appealable order in this case seems to run afoul of the policy of allowing interlocutory review of an order denying immunity. The Ohio Supreme Court discussed the policy in *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, with regard to Section 1983 claims.

{¶ 17} The court noted that R.C. Chapter 2744 was enacted to afford political subdivisions and its employees protections that were "'urgently needed in order to ensure the continued orderly operation of local governments and the continued ability of local governments to provide public peace, health, and safety services to their residents.'" *Id.* at ¶ 38, quoting Am.Sub.H.B. No. 176, Section 8, 141 Ohio Laws, Part I, 1733. In other words, the "'manifest statutory purpose of R.C. Chapter 2744 is the preservation of the fiscal integrity of political subdivisions.'" *Summerville* at *id.*, quoting *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 23.

{¶ 18} The *Summerville* court considered the fiscal integrity and judicial economy involved in political subdivision immunity cases in terms of ending litigation early (if immunity applies) or promoting settlement (if immunity does not apply). *Id.* at ¶ 39. The court noted the "policy considerations apply equally whether the immunity in question is based on R.C. Chapter 2744 or another provision of the law, including federal qualified immunity." *Id.* at ¶ 40.

---

be given immunity from criminal prosecution is a matter best left to the legislature." *Id.* at ¶ 38.

{¶ 19} The court rationalized that qualified immunity is an "'*immunity from suit* rather than a mere defense to liability; * * * it is effectively lost if a case is erroneously permitted to go to trial.'" (Emphasis sic.) *Id.*, quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). In other words, immunity not only affords protection against liability, it also protects against the consequences of a lawsuit and, according to the court, "[f]ailure to give effect to the language of R.C. 2744.02(C) by barring immediate appeal of denials of qualified immunity for alleged violations of Section 1983 would defeat the purpose for which the immunity exists." *Summerville* at *id.*

{¶ 20} Regardless of the rationale for interlocutory review of an order denying immunity, allowing such review must be grounded in a legal basis — R.C. 2505.02, 2744.02, or "any other provision of the law." As discussed, under this court's precedent in *Shane*, R.C. 2505.02 does not apply because the order here did not grant or deny a provisional remedy. Chapter R.C. 2744 is relative to civil liability, not criminal liability, and as such, Graham's claim of common law immunity for criminal charges does not arise from the chapter. There is no "other provision of law" — that is, the United States or Ohio Constitution, state or federal statutes or rules; or provisions of charters, ordinances, resolutions, and rules of political subdivisions — that makes the order here subject to immediate review.

{¶ 21} In light of the above, the judgment here is not a final, appealable order, and we are without jurisdiction to consider this appeal.

{¶ 22} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR