[Cite as *Irvin v. Brown*, 2013-Ohio-2883.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| PATRICIA L. IRVIN, ET AL | : | Hon. W. Scott Gwin, P. J. |
| | : | Hon. John W. Wise, J. |
| Plaintiffs-Appellees | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 12 CA 28 |
| CHARLES BROWN, ET AL | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Guernsey County
                             Court of Common Pleas, Case No.
                             2011CV000445

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 1, 2013

APPEARANCES:

For Plaintiffs-Appellees                For Defendants-Appellants

KIMBERLY YOUNG                          JACK BAKER
Elk & Elk Co., Ltd                      Baker, Dublikar, Beck, Wiley & Mathews
6105 Parkland Boulevard                 400 South Main Street
Mayfield Heights, OH 44124              North Canton, OH  44720

*Gwin, P.J.*

{¶1}   Appellants appeal the November 16, 2012 judgment entry of the Guernsey County Court of Common Pleas denying their motion for summary judgment.

*Facts & Procedural History*

{¶2}   Appellees Patricia and James Irvin attended the Guernsey County Fair on September 17, 2009.  After they walked around the fair and had something to eat on the midway, appellees attended a truck and tractor pull event at the grandstand.  As they exited the truck and tractor pull, appellant Charles Brown ("Brown") offered them a ride to their vehicle on a courtesy golf cart.  Brown was an employee of appellant Guernsey County Agricultural Society.  When they reached their vehicle, Brown stopped the golf cart and Mr. Irvin exited the golf cart without incident.  When Mrs. Irvin exited the vehicle, she fell and suffered a fractured wrist.  Mrs. Irvin states Brown began accelerating the golf cart when she attempted to exit the cart, causing her to fall to the ground.  Brown states he asked if everyone was off the cart and thought he heard Mr. Irvin say "yes," and when he subsequently stepped on the gas pedal, Mrs. Irvin was laying beside the golf cart on the ground.

{¶3}   Appellees filed a complaint for negligence against Charles Brown, Guernsey County Fairgrounds, Guernsey County Fair Board, Guernsey County Commissioners, and the Guernsey County Agricultural Society on September 14, 2011.  On December 21, 2011, appellees voluntarily dismissed defendants Guernsey County Fairgrounds, Guernsey County Fair Board, and Guernsey County Commissioners.  Appellants filed a motion for summary judgment on August 31, 2012, and argued they were entitled to sovereign immunity in this case.  On November 16, 2012, the trial court

denied appellants' motion for summary judgment. The trial court found that a golf cart is a motor vehicle and the truck and tractor pull is a discrete proprietary function of the Guernsey County Agricultural Society. Further, that reasonable minds could differ upon whether Brown's conduct was reckless. Appellants appeal from this entry and assign the following assignments of error on appeal:

{¶4} "I. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANTS' MOTION FOR SUMMARY JUDGMENT ON SOVEREIGN IMMUNITY AS NO EXCEPTIONS TO IMMUNITY ARE APPLICABLE AND THE SUBJECT GOLF CART WAS NOT A MOTOR VEHICLE.

{¶5} "II. THE TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLANT CHARLES BROWN AS AN EMPLOYEE OF A POLITICAL SUBDIVISION WHO IS IMMUNE FOR NEGLIGENT CONDUCT WITHIN THE SCOPE AND COURSE OF HIS EMPLOYMENT."

*Summary Judgment*

{¶6} Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable

minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶7} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶8} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of

the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

{¶10} Generally, an order denying a motion for summary judgment is not a final appealable order subject to appellate review. However, O.R.C. 2744.02(C) states that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of any alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Further, the Ohio Supreme Court has held, "when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and there is therefore a final, appealable order pursuant to R.C. 2744.02(C)." *Hubbell v. City of Xenia*, 115 Ohio St.3d 77 at syllabus, 2007-Ohio-4839, 873 N.E.2d 878 (2007). Accordingly, the judgment entry denying appellants' motion for summary judgment in this case is a final appealable order.

*I.*

{¶11} Appellants argue they are entitled to immunity because the fair is a governmental function, the subject golf cart is not a motor vehicle, and because the injury resulted from the exercise of judgment or discretion in determining how to use equipment. We disagree.

{¶12} In *Greene Co. Agricultural Soc. v. Liming*, the Supreme Court held that "a county agricultural society is a political subdivision pursuant to R.C. 2744.01(F)." 89 Ohio St.3d 551, 733 N.E.2d 1141, ¶ 1 of syllabus. Therefore, the Guernsey County Agricultural Society is a political subdivision for purposes of the Political Subdivision Tort Liability Act and is therefore able to assert immunity pursuant to R.C. 2744.02(A)(1).

{¶13} The Political Subdivision Tort Liability Act affords political subdivisions immunity from certain types of actions. Determining whether a political subdivision is immune from liability involves a three-tiered analysis. *Cater v. Cleveland*, 83 Ohio St.3d 24, 697 N.E.2d 610 (1998). In the first tier, R.C. 2744.02(A) provides broad immunity to political subdivisions and states that, a "political subdivision is not liable in damages in a civil action for injury, death or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." In the second tier of the analysis, R.C. 2744.02(B) provides five exceptions that may lift the broad immunity provided for in R.C. 2744.02(A). In the third tier, immunity may be reinstated if the political subdivision can demonstrate the applicability of one of the defenses found in R.C. 2744.03(A)(1) through (5). *Cater*, 83 Ohio St.3d 24.

{¶14} Here, appellees' claims fall within the general grant of immunity found in R.C. 2744.02(A)(1) and appellants are thus protected under the first tier of analysis. Under the second tier of the analysis, we must determine whether one of the exceptions to immunity found in R.C. 2744.02(B) applies. The exception in R.C. 2744.02(B)

implicated by this case that potentially defeats appellants' immunity is R.C. 2744.02(B)(1), which provides:

> "Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority."

*Motor Vehicle*

{¶15} Appellants argue their immunity is not abrogated under R.C. 2744.02(B)(1) because the subject golf cart is not a "motor vehicle" under Ohio law. We disagree.

{¶16} Pursuant to R.C. 2744.01(E), for purposes of R.C. 2744, motor vehicle has the same definition as Section 4511.01 of the Revised Code. R.C. 4511.01(B) defines "motor vehicle" as "every vehicle propelled or drawn by power other than muscular power or power collected from overhead electronic trolley wires * * *." Encompassed within the definition of motor vehicle is the term vehicle, defined in R.C. 4511.01(A) as "every device, including a motorized bicycle, in, upon, or by which any person or property may be transported or drawn upon a highway * * *."

{¶17} Courts have consistently held that golf carts are "motor vehicles" within the definition of R.C. 4511.01. *State v. Tramonte*, 6th Dist. No. 920T050, 1993 WL 323635 (Aug. 27, 1993); *State v. Sanchez*, 6th Dist. No. 90-OT-028, 1991 WL 132506 (July 19, 1991). More specifically, this court, in *Stacy v. Wausau*, stated "under R.C. 4511.01(B), tractors are motor vehicles and, pursuant to 1990 Ohio Atty. Gen. Ops. No. 90-043, golf

carts are too." *Stacy v. Wausau Business Ins. Co.*, 5th Dist. No. 2000AP010004, 2000 WL 874689 (5th Dist. 2000).

{¶18}   Further, the Ohio Attorney General issued opinion OAG 90-043 and stated: "A golf cart – i.e. a four-wheeled motor vehicle that is designed and manufactured for the primary purpose of transporting people and equipment on a golf course – is a "motor vehicle" as that term is defined in R.C. 4501.01, 4503.01, and 4505.01."   This 1990 opinion was approved and followed in 2008 when a second attorney general opinion stated "a golf cart is a motor vehicle and may not be driven on public streets and highways unless it meets the statutory requirements that are applicable to motor vehicles, including operating and equipment requirements."   2008 Ohio Atty. Gen. Ops No. 2008-030.

{¶19}   Appellants argue that because the golf cart at issue was not equipped with a rear view mirror, windshield, and electrical or mechanical directional signs pursuant to R.C. 4513.23, R.C. 4513.26, and R.C. 4513.26(1), it was not designed for or intended to transport any persons or property upon a public highway and thus cannot be considered a "vehicle" under R.C. 4511.01(A).  As analyzed in the Ohio Attorney General opinion in 1990, golf carts are classified as "motor vehicles" despite the fact that to be driven on public streets and highways they must meet equipment requirements imposed by R.C. Chapter 4513.  Further, we find this case analogous to *Wolanin v. Holmes*, in which the court determined an open-air zoo tram that had no windows, doors, or seats belts and was not licensed or registered for use on a highway was a "motor vehicle" pursuant to R.C. 4511.01 and thus R.C. 2744.  8th Dist. No. 88454, 2007-Ohio-3410.  As discussed by the court:

"The statutory language does not require actual use on a public highway.

The statute requires only that a person or property "may be" transported

on a public highway or that the motor vehicle be "capable" of transporting

people or property upon a highway.   Here, the tram satisfies either

requirement. * * * Under the plain language definition of a motor vehicle,

there is no requirement that the tram actually be on a public highway

transporting passengers for the motor vehicle exception to apply under

R.C. 2744.02(B)(1)."

{¶20} Like the tram in *Wolanin*, the golf cart at issue "may be" transported on a

public highway or is "capable" of transporting people or property on a highway, despite

the fact that it would have to meet Chapter 4513 requirements prior to someone actually

operating the golf cart on a highway.

{¶21} Accordingly, we find the golf cart in this case is a "motor vehicle" pursuant

to R.C. 4511.01 and thus the exception to immunity found in R.C. 2744.02(B)(1) is

applicable.

*Proprietary Function*

{¶22} Appellants argue in order to determine whether *any* of exceptions in R.C.

2744.02(B) apply, the court must determine whether the function being performed by

the political subdivision which gave rise to the alleged injury is governmental or

proprietary.  Further, that the function performed which gave rise to the alleged injury in

this case is governmental and thus immunity is applicable.  We disagree.

{¶23} The exception to immunity under R.C. 2744.02(B) at issue in this case is

(B)(1).   Unlike R.C. 2744.02(B)(2) that has specific language limiting the exception to

"proprietary functions of the political subdivisions," R.C. 2744.02(B)(1) does not contain specific language that it applies only to proprietary functions of political subdivisions. Further, the more general provision of R.C. 2744.02(B) provides that a political subdivision "is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:" We found above that the immunity exception in R.C. 2744.02(B)(1) applies in this case. Pursuant to the general language contained in R.C. 2744.02(B) and the lack of limitation to only proprietary functions in R.C. 2744.02(B)(1), the R.C. 2744.02(B)(1) exception applies to both governmental and proprietary functions. Accordingly, we reject appellants' argument that the court must determine whether the function being performed by the political subdivision which gave rise to the alleged injury is governmental or proprietary.

*R.C. 2744.03(A)(5)*

{¶24} Appellants further argue immunity should be reinstated under the third tier of analysis pursuant to R.C. 2744.03(A)(5) because the Guernsey County Agricultural Society used its judgment and discretion in determining how to use the golf carts and personnel such as Brown for the benefit of the patrons of the county fair. We disagree.

{¶25} Immunity pursuant to R.C. 2744.03(A)(5) relates to activities that require the balancing of alternatives or making decision involving a heightened amount of official judgment or discretion. *Inland Prods Inc. v. Columbus*, 193 Ohio App.3d 740, 2011-Ohio-2046, 954 N.E.2d 141 (10th Dist.). "[R]outine decisions requiring little judgment or discretion and that, instead, portray inadvertence, inattention, or

unobservance, are not covered by the defense provided in R.C. 2744.03(A)(5)."
*Hubbell v. Xenia*, 175 Ohio App.3d 99, 2008-Ohio-490, 885 N.E.2d 290 (2d Dist.).

{¶26} Decisions concerning how to utilize golf carts and personnel such as Brown at the county fair are routine decisions and do not involving policymaking or a high degree of discretion. Therefore, the affirmative defense contained in R.C. 2744.03(A)(5) does not apply to this case and cannot be used by appellants to reinstate immunity.

### *Negligence*

{¶27} Appellants make a cursory argument that the evidence in this case shows Brown did not act negligently and did what a reasonably prudent person would have done under the circumstances. Based upon the depositions of Brown, Mr. Irvin, and Mrs. Irvin, and the differing accounts of the incident contained in these depositions, a material fact is genuinely disputed and, construing the allegations most favorably towards appellees, reasonable minds could draw different conclusions from the undisputed facts regarding negligence. Accordingly, summary judgment is not appropriate.

{¶28} As a result of the three-tiered immunity analysis, we find the trial court did not err in denying appellants' motion for summary judgment. The golf cart in this case is a "motor vehicle" and the exception to immunity under R.C. 2744.02(B)(1) does apply. Further, the R.C. 2744.02(B)(1) exception applies to both proprietary and governmental functions. R.C. 2744.03(A)(5) does not apply to reinstate appellants' immunity. Finally, there is a question of fact regarding the negligence of Brown and thus summary

judgment is not appropriate based on lack of evidence of negligence. Appellants' first assignment of error is overruled.

*II.*

**{¶29}** Appellants argue Brown is immune from liability because there are no allegations Brown acted outside the scope of his employment or that his actions were malicious, in bad faith, or were wanton or reckless, and that Brown is individually immune pursuant to R.C. 2744.03(A)(6). We disagree.

**{¶30}** R.C. 2744.03(A)(6) provides that an employee is immune from liability unless one of the following applies:

> (a) the employee's acts or omissions were manifestly outside the
>
> scope of the employee's employment or official responsibilities;
>
> (b) the employee's acts or omissions were with malicious purpose,
>
> in bad faith, or in a wanton or reckless manner.

**{¶31}** The trial court found that in accordance with *Greene County Agricultural Society v. Liming*, Brown's personal immunity is open to question and is neither established nor foreclosed under the summary judgment standard.

**{¶32}** In *Greene County Agricultural Society v. Liming*, the Supreme Court of Ohio found the exception to immunity contained in R.C. 2744.02(B)(2) was applicable. In regards to the employee's personal immunity, the court stated that since "this matter is being remanded to the trial court for further proceedings, further facts may emerge regarding the propriety and details of [the employee's] actions." 89 Ohio St.3d 551, 562, 733 N.E.2d 1141 (2000). The court held the employee's "personal immunity is an open question, at this time neither established nor foreclosed." *Id.*

{¶33} The Supreme Court of Ohio recently clarified the recklessness standard in *Anderson v. City of Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266 (2012) and stated, "reckless conduct is characterized by the conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct."

{¶34} In this case, because we have found that appellants are not immune under the three-tiered analysis, this matter will return to the trial court for further proceedings. Similar to the *Greene County* case, further facts may emerge regarding Brown's actions. Further, reviewing the record below, including the depositions of Brown, Mr. Irvin, and Mrs. Irvin, appellees have put forth sufficient evidence to raise a question of fact as to whether Brown's conduct was reckless or negligent. Accordingly, the trial court did not err in finding Brown's immunity is neither established or foreclosed and in finding R.C. 2744.03(A)(6) inapplicable.

{¶35} Appellants also contend that since appellees' complaint did not contain an allegation that Brown acted recklessly, the action against him should be dismissed. Civil Rule 15(B) provides, in pertinent part:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. * * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court

may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. * * *"

{¶36} The above-captioned case is currently in the summary judgment stage. Pursuant to Civil Rule 15(B), the trial court can entertain a motion to amend to conform to the evidence "at any time, even after judgment."  Accordingly, the trial court properly found that any alleged pleading deficiency in terms of recklessness is not sufficient to warrant summary judgment.  Appellants' second assignment of error is overruled.

{¶37} Based on the foregoing, we find the trial court properly denied appellants' motion for summary judgment.  Assignments of Error I and II are overruled.

**{¶38}** The judgment of the Guernsey County Common Pleas Court is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. CRAIG R. BALDWIN

[Cite as *Irvin v. Brown*, 2013-Ohio-2883.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PATRICIA L. IRVIN, ET AL | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHARLES BROWN, ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 12 CA 28 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Common Pleas Court is affirmed.  Costs to appellants.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. CRAIG R. BALDWIN